## LE BARON & SON v. J. DUPONT.

*When the cross interrogatories are not answered, the depositions should not be received in evidence.*

APPEAL from the Fourth District Court of New Orleans, *Reynolds*, J.
*Benjamin, Bradford & Finney*, for plaintiffs and appellants. *Briggs*, for defendant.

BUCHANAN, J. This case presents an issue of fact whether the mahogany of which the proceeds are attached at the suit of *Le Baron & Son*, belongs to their debtor, *John Dupont*, or to *Gabriel Le Blanc*, the plaintiff in the other suit. It is proved by witnesses examined for *Le Baron & Son* that the mahogany was purchased by *Dupont* in his own name—that he chartered the brig Octavie to bring it to New Orleans—that the Octavie being wrecked at the port of shipment, he chartered another vessel, the brig Sarah Thorndike, to carry the mahogany—that this charter party was made by *Dupont* in the name of his father-in-law, *Gabriel Le Blanc*, as charterer, for the reason, as alleged by him, that said *Le Blanc* would be on the spot to attend to the shipment—that *Dupont* came to New Orleans with the mahogany, and sold it to *Siebricht* as his own property.

Against this evidence there is the presumption arising from the insertion of *Le Blanc's* name in the charter party of the Sarah Thorndike, as charterer, and in the bill of lading as shipper and consignee of the mahogany. But the first

of these documents is explained by the evidence of *Ireland* and *Salazar*, as above, and the bill of lading is shown to have been always in the possession of *Dupont*. A witness, *Radovich*, has also been examined for *Le Blanc*, but his evidence does not contradict, in the slightest degree, that of *Le Baron's* witnesses. There is a bill of exceptions to the admission by the District Judge of the depositions of three witnesses examined for *Le Blanc* under a commission. Appended to the commission were interrogatories and cross interrogatories. But none of the cross interrogatories were answered by the witnesses, nor even, as it seems, communicated to them. This ground of objection was improperly overruled by the District Court. The depositions should have been rejected, and we are bound to dismiss them from our consideration. The attaching creditors have made out their case to our satisfaction.

It is therefore adjudged and decreed, that the judgment of the District Court be reversed; that the appellants, *Le Baron & Son*, recover of *Jean Dupont* two thousand and eighty-four dollars and fifty-six cents, with interest at eight per centum per annum from 12th June, 1849, until paid, and costs of these consolidated suits in both courts, with privilege upon the property attached; and that there be judgment against the appellee, *Gabriel Le Blanc*, with costs.