## No. 6657.

STATE EX REL. JAMES D. HOUSTON VS. THE CITY OF NEW ORLEANS.

The approval by the Clerk and Judge of the Criminal Court of the parish of Orleans, of the account of the Criminal Sheriff, for fees and expenses of his office, does not amount to a judicial decree in his favor for the amount of the account, nor conclude the city of New Orleans from contesting the account. And if the city should dispute the correctness of his bill, he must, like the holder of any other contested bill, sue and obtain judgment on it, before he can ask for a mandamus to compel its payment.

APPEAL from the Superior Criminal Court, parish of Orleans. *Whitaker*, J.

C. H. Luzenberg and L. A. Sheldon for plaintiff and appellee.

B. F. Jonas for defendant and appellant.

The opinion of the court was delivered by

DEBLANC, J.   James D. Houston, the sheriff of the Criminal Court and keeper of the prison of the parish of Orleans, applied for and

obtained—from the Superior Criminal Court, a writ of mandamus directing I. G. Brown, and J. C. Denis, the first as administrator of accounts, the other as administrator of finance of the city of New Orleans, to pay him—for fees and expenses of his office—the sum of eleven thousand five hundred twenty four dollars and ten cents.

From that decree, those officers and the city have appealed.  They contend :

1. That the Superior Criminal Court is one of limited and exclusively criminal jurisdiction, and that it can issue the writ of mandamus only in aid of its own jurisdiction.

2. That the bills presented and sued upon by said sheriff are not correct.

3. That—if correct—the City Council has made no appropriation for their payment, and that—under the city charter—they can not be paid without and before such an appropriation.

4. That, under act No. 5 of the extra session of the legislature of 1870, no court within the State had authority or jurisdiction to order, allow, hear, entertain, or enforce any summary process, or writ of mandamus, to compel the payment of money claimed to be due to any one by the city of New Orleans.

We presume that plaintiff relies on the fact that his bills have been approved by the Clerk and the Judge of the Criminal Court.  That approval is necessary ; but—when the correctness of the bills is disputed—that approval does not close the door against any real and legitimate defense.

The services of the sheriff are as important as valuable to the City and the State ; the compensation fixed by law for his services should not be arbitrarily resisted, or causelessly retarded—: but, when disputed—the sheriff's account is but a claim, and—until acknowledged by the final decree of a competent court—that claim can not be enforced by mandamus.

The city officers should not slightly refuse to pay or provide for the payment of an account which—as that of relator—bears on its face the sanction of a district judge ; but—when beside that sanction, they find an error, or detect an illegality, they have the incontrovertible power to protect the city against the illegality or the error.

" Where officers, whose functions are chiefly ministerial, are yet intrusted with the performance of certain special duties requiring the exercise of judgment and discretion, they can not—as to such duties— be controlled by mandamus, and while they may be set in motion and compelled to act, the courts will not decide what their action shall be. " High's Ext. Remedies, p. 46, *ante* State Ex. Rel. Louis Fix vs.

As it is evident that—whatever may be his right—the relator has

mistaken his remedy, it is useless to decide whether—if properly resorted to—that remedy could have been legally granted by the court. in whose jurisdiction it was sought.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be and it is hereby annulled, avoided and reversed, and the alternative writ of mandamus granted on the thirtieth of April 1877 discharged at the costs of relator in both courts. •