BREAUX, C. J.
The change made by the city of Lake Charles in the grade of some of her streets has given rise to this suit.
Plaintiff’s property, fronting on Common street and extending back on Cleveland street, measures 124 feet in front and 220 feet on Cleveland street.
The property is estimated at about $5,000. It is situated on an elevation. The soil is sandy, and was fairly well drained.
' The streets and sidewalks were in good condition before the changes above mentioned. The owners had complied with the public requirements in regard to streets and banquettes.
Since the change in the level of the street the sidewalks are considerably above • level, and the streets, when it rains, are muddy, and not very convenient for travelers. There are no approaches from the street to the sidewalks.
The city, in making the improvements, saw proper to establish a diversion in the drainage. The waters from artesian wells ' now run through the gullies in front of plaintiff’s property.
Plaintiff complains of the cuts that were made in both streets, and states that from the bottom of the gutter to the top of the banquette on Common street it is a little over four feet, and from the gutter to the top of the banquette on Cleveland street it is an average of three feet.
The water which runs through in front of the property as before mentioned is eroding and washing away the unstable soil.
The defendant admits that during the past year, preceding the filing of the suit, it reduced Common street to grade, and in so doing cut down the street in front of and abutting the property of plaintiff to an average of 16/io feet, and that the same improvement was made on Cleveland street. There the cut averages 1 s/io feet.
This we take it is about the correct measurement, and that of plaintiff we take it is erroneous.
Defendant pleads prescription, and in support of that plea it alleges that over a year prior to the filing of the suit the cut had been produced by wearing and washing of the street, for which it, the defendant, is not responsible, and in consequence pleads prescription as to the said five-tenths of a foot cut existed more than a year prior to the filing of the suit.
The judge of the district court, before his election to office, having been consulted by interested parties (of whom there are a number in situation somewhat similar to plaintiff in regard to their property), recused himself, and the honorable Paul A. Sompayrac, appointed judge ad hoc, determined the cause.
A number of witnesses were heard and a voluminous record was made. The judge gave careful attention to the case. lie wrote a well-considered opinion. After having heard argument of counsel, judgment was *213 rendered by him in favor of plaintiff in the sum of $496.30, itemized as follows:
For curbing on Common street....... $ 75 15
For retaining wall on Common street 62 00
For curbing on Cleveland street...... 98 00
For retaining wall on Cleveland street 92 40
For driveway on Cleveland street.... 12 00
For two driveways on Common street 24 00
For concrete drain on Common street 62 00
For two flights of steps on Common street ........................... 18 00
For one flight of steps on Cleveland street ........................... 9 00
For removing 175 yds. of dirt @ .25 per yard......................... 43 00
Total ..........................$496 30
In argument, both in the brief and at bar, we were informed by the learned city attorney that the defendant “does not question its liability to plaintiff to the extent of paying actual damages done to plaintiff’s property and the necessary expense to place said property in as good and accessible a position as it was before the street was brought to grade. The defendant contends that it is unjust and unfair to require that plaintiff’s property should be made more accessible and improved and beautified at public expense.”
It follows:
The defendant cannot question plaintiff’s right to actual damages. The amount allowed by the judgment is her ground of complaint.
Whatever benefit may be derived by owners of property from the improvements made is not taken into account in this case. Plaintiff may share in common with other owners in the benefits. They are not to be deducted. They are not appreciable in money. Besides, it does not appear that plaintiff has been very much benefited by the cutting down ■of the street.
We pass all other issues, and take up for decision in detail the different items of damages claimed by the plaintiff.
Taking first the item allowed for driveways, we found no difficulty in deciding that plaintiffs have a right to recover damages for these. The driveways which they had before the cutting down of the street was their property, made at their expense, and they could not in justice be destroyed without replacing them to the extent required by the new grade of the street. There were three of these driveways.
Plaintiffs also have flights of steps which will be of no service. Others are due them by the municipality.
The amount allowed for driveways and steps is not excessive.
In addition to the testimony heard, as before stated, the judge ad hoc repaired to the place, and, after having examined it, arrived at the conclusion that plaintiffs should recover the amount.
Claim for driveways and steps.
To pass to the claim made for six water oak trees which will have to be removed in carrying out defendant’s system of improvements and grades: These trees are 12 years old. The testimony is that they can be transplanted at small expense.
The municipality for the purpose of improving the sidewalk has the authority to move trees without having to pay for their value, provided the removal is not wanton.
Ornamental trees inspire a commendable sentiment which moves the owner nearly always properly to consider them valuable. But the municipality, when an improvement becomes necessary, cannot in the nature of things be made to pay a considerable amount for shade trees. The trees growing on plaintiff’s land, subject to a public servitude, belong to him unless needed to repair the way. Elliott on Roads and Trees (2d Ed.) p. 743.
The amount for trees was not allowed by the judge of the district court.
We agree with him in disallowing it. We will again refer to trees in passing on the claim for a sidewalk.
We are next brought to consider the item *215 charged by plaintiff for curbing, or strengthening the sidewalk by a curb.
The municipality is liable for expenses of placing in curbs. The plaintiffs need curbs along their sidewalks made necessary by the cutting down of the street. The testimony is that curbing is necessary to drain the water, prevent erosion, and strengthen the sidewalks, to prevent caving.
We next take up for decision the item charged by plaintiffs for damages caused by the water which was diverted from another direction to the front of plaintiff's property.
According to defendant, it is a kindly stream of artesian water trickling by plaintiffs’ property.
We infer from the testimony that it is a constant stream, and that the water is not always the pure artesian water. Sometimes on its way other waters mix with it, and it comes down with force enough to wear away the gullies in which it runs, and to spread on the road and make it muddy. That the street has been muddy and boggy is evident.
The work suggested by the testimony appears reasonable and economical.
Leaving the diverted drain, we are led to consider the claim for the sidewalk.
If nothing be done, it will be necessary, m order to get to plaintiff’s sidewalk from the street, .or in descending to the street, to go through acrobatic feats that are not always pleasant or graceful. This brings us to a consideration of the expense for the sidewalk, as a sidewalk is a part of defendant’s plan of improvement. A retaining wall will also have to be constructed. It is a necessary part of the sidewalk.
The amount allowed for this improvement in the light of the evidence is not excessive.
The defendant objects to the amount allowed for curbing on Cleveland street, and urges that curbing is not necessary on that street.
The waters in this section of the city flow to Pithon coulSe, including the flow of water from Cleveland street.
In order to complete the drain, the plan is, we take it, to conduct the drain to it. In order to carry out the plan after having cut the street to grade, canals are needed.
The improvement has resulted in enhancing the costs considerably.
The work on the street just named is not ordinary repairs which municipalities can require of property owners. It requires more than the usual outlay of money. Unusual requirements should not be.
Under the rule adopted in matter of sidewalks, their repair can be imposed on the owner, but not the making of entirely new sidewalks — entirely out of the ordinary — after the owner had already furnished a sidewalk. 2 Abbott, p. 1097.
In the case of Manning v. Shreveport, 119 La. 1044, 44 South. 882, 13 L. R. A. (N. S.) 452 (a very similar case), the work was done by the municipality in accordance with the decree of this court.
Our decree is in great part predicated on the grounds of that decision.
We have taken the evidence as a whole, and from that point of view we have taken into consideration every item, including inconvenience and all damages — allowed and not allowed — and have arrived at the conclusion that the damages, taken as a whole, are at least as much as the whole amount allowed.
The plaintiffs in their answer to the appeal have asked for an increase, which is not allowed.
For reasons assigned, the judgment appealed from is affirmed at appellant’s costs. .