(85 South. 645)

No. 23860.

STATE ex rel. GUION, Dist. Atty., v. CHAUVIN, Parish Treasurer.

In re GUION.

(March 1, 1920. On Rehearing June 30, 1920.)

*(Syllabus by Editorial Staff.)*

1. **Counties** ⊗⇒168(5)—**Parish treasurer may decline to pay salary warrants showing on their face they were in excess of power of police jury.**

Where salary warrants issued by a police jury showed on their face that they were in excess of the power of such jury, the parish treasurer may decline payment, though ordinarily it is his duty to pay a warrant when issued by the constituted authorities.

2. **Mandamus** ⊗⇒72—**Officer having discretion may be compelled to act, but courts will not prescribe his action.**

Where officers whose functions are largely ministerial are yet intrusted with performance of duties requiring the exercise of discretion, they cannot as to such duties be controlled by mandamus; and, though they may be compelled by that writ to act, the court will not decide what their actions shall be.

3. **District and prosecuting attorneys** ⊗⇒5(4) —**Implied repeal of statute relating to compensation.**

Act No. 30, Ex. Sess. of 1877, which in section 4 authorizes the police jury of the parish and district attorney to contract for a fixed compensation in lieu of fees, was impliedly repealed by Const. 1879, art. 124, providing that the district attorney shall receive a salary of $1,000 per annum and fees, but no fees shall be allowed in criminal cases except on conviction, the provisions of which section were continued in Const. 1898, arts. 125, 180, the implied repeal also being established by Act No. 96 of 1880, providing in section 3 that district attorneys shall receive certain fees, in addition to their salaries. . .

4. **District and prosecuting attorneys** ⊗⇒5(4) —**Attorney cannot contract for additional compensation for service to boards, etc.**

As Act No. 125 of 1912 forbids district attorney from collecting fees for services rendered to levee boards, hospital and asylum boards, educational boards, etc., and specifically declares that no police jury shall retain any special attorney, and that it shall be malfeasance for a district attorney to refuse to perform the duties prescribed, a district attorney whose compensation was limited by Const. 1898, art. 180, declaring that no officer whose salary is fixed by the Constitution shall be allowed any fees or perquisites except where otherwise provided in the Constitution, cannot validly contract with the police jury for additional compensation for services rendered to the enumerated boards.

5. **District and prosecuting attorneys** ⊗⇒5(4) —**District attorney and police jury cannot, by contract, change the compensation allowed such attorney by law.**

A contract between a district attorney and a police jury for additional compensation is not governed by the rules of law relative to private contracts, and where no compensation is provided by law a contract for additional compensation is invalid.

## On Rehearing.

6. **District and prosecuting attorneys** ⊗⇒5(4) —**Contract for monthly payment of compensation in lieu of fees invalid.**

As Act No. 96 of 1880 declares that the district attorney shall not be paid fees until sentence has become final on appeal or otherwise, an agreement of the police jury of a country parish to pay the district attorney monthly compensation in lieu of fees is invalid, for the Supreme Court will take cognizance that criminal terms in country parishes are held semiannually, and such mode of monthly payment would violate the provision that no fees could be collected until a case becomes final.

7. **District and prosecuting attorneys** ⊗⇒5(4) —**Agreement to pay fees for other than services in criminal cases invalid.**

Under Act No. 125 of 1912, the district attorney cannot collect additional compensation from a parish for services rendered save in criminal cases; hence an agreement to pay additional compensation for services other than in criminal cases is invalid.

Proceedings by the State of Louisiana, on the relation of George Seth Guion, District Attorney, for writ of mandamus, against Frank Chauvin, Parish Treasurer. The Court of Appeal for the Parish of Orleans reversed a judgment of the district court issuing a peremptory writ against respondent, and relator brings certiorari. Judgment of Court of Appeal affirmed.

Pugh & Himel, of St. James, Guion & Lambremont, of Napoleonville, Walter Lemann, of Donaldsonville, and John Marks, of New Orleans, for relator.

A. V. Coco, Atty. Gen., for respondent.

SOMMERVILLE, J. Relator, district attorney for the Twenty-Seventh judicial district, composed of the parishes of Ascension, St. James, and Assumption, applied for and obtained an alternative writ of mandamus ordering respondent, the parish treasurer of St. James parish, to pay him three certain warrants of $62.50 each, issued by the police jury of said parish for salary of the district attorney for the months of February, March, and April, 1919, under a certain contract made by relator with the police jury under and by virtue of section 4 of Act No. 30, Extra Session 1877, p. 47.

Respondent denied that the parish was liable for the warrants sued upon. He alleged that the contract referred to was ultra vires, and that the claim of relator was illegal, in that same was forbidden by the Constitution and laws of the state.

At the trial, the mandamus was made peremptory, and respondent appealed to the Court of Appeal for the Parish of Orleans, which court reversed the ruling of the district court and dismissed relator's suit. Relator thereupon applied to this court for a writ of certiorari, which was granted, and the case is before the court for its consideration and judgment.

Relator alleges in his petition that it was

147 LA.—23

the ministerial duty of the parish treasurer to pay the warrants sued upon, and that he had no discretion in the matter; and respondent urges the Constitution and several acts of the Legislature which make it his duty to refuse payment of the warrants on the ground that they have been issued by the police jury without authority.

[1, 2] It was held in the case of Parker v. Robertson, Auditor, 14 La. Ann. 249, at a time when, under the Constitution of 1852 and the Act of 1857, No. 191, p. 187, the expenses of criminal cases were paid by the state upon a certificate of the clerk and presiding judge, that the duties of the auditor relative to accounts for such expenses were ministerial and imperative, and that he must issue his warrants to the treasurer therefor. The same doctrine was reiterated in regard to section 1042 of the Revised Statutes of 1870 in the case of City of New Orleans v. Patton, Sheriff, 27 La. Ann. 168, although the court in the latter case gave to the certificates of those officers an effect of conclusiveness for all purposes that was refused to be attributed to them in State ex rel. Houston, Sheriff, v. City of New Orleans, 30 La. Ann. 82, where it was held:

"We presume that plaintiff relies on the fact that his bills have been approved by the clerk and the judge of the criminal court [the plaintiff in that case being the sheriff of the criminal court for the parish of Orleans and his bills had been approved by the proper authorities]. That approval is necessary; but, when the correctness of the bills is disputed, that approval does not close the door against any real and legitimate defense. * * *

"The city officers should not lightly refuse to pay or provide for the payment of an account which—as that of relator—bears on its face the sanction of a district judge; but, when beside that sanction they find an error, or detect an illegality, they have the incontrovertible power to protect the city against the illegality or the error."

" 'Where officers, whose functions are chiefly ministerial, are yet intrusted with the performance of certain special duties requiring the

exercise of judgment and discretion, they cannot, as to such duties, be controlled by mandamus, and while they may be set in motion and compelled to act, the courts will not decide what their action shall be.' High's Ext. Remedies, p. 46, ante State ex rel. Louis Fix v."

The duty of the parish treasurer to make payment on warrants which have been issued "by the proper authorities" is clear and imperative; but, as was very properly held in the Houston Case just cited, it would be otherwise if the voucher should show upon its face, to which may be added, if the account to which the voucher was appended should show, that it was not within the law; in other words, that the police jury was not the proper authority to allow, approve, or certify to the correctness of the account.

Here it is shown that the police jury was without authority to issue the warrants sued upon; and the parish treasurer therefore had the undoubted right to refuse payment thereof, and to thus cause the matter to be submitted to the court for determination.

Article 74 of the Constitution of 1852, in providing for district attorneys, said that their duties should be determined by law. Under said Constitution Act No. 191, p. 187, was passed in the year 1857. It was therein provided that all expenses attending criminal prosecutions, except the pay of jurors, should be paid by the state upon certificates of the clerk and the presiding judges of the several courts of the state.

In Const. 1868, art. 92, the district attorney's salary was fixed at $1,500, payable quarterly on his own warrant. Under that Constitution, section 1042, Revised Statutes, was adopted, and that section provided that all expenses attending criminal proceedings should be paid by the respective parishes in which the offenses charged may have been committed. And there was also adopted Act No. 30 of 1877, E. S. p. 47, which was "an act to limit the appropriations and expenditures of parishes and municipal corporations; to prohibit the issue of warrants by their officers; to permit police juries to make certain contracts, and prescribing certain penalties." And it was under section 4 of that act that relator entered into a contract with the police jury of the parish of St. James, and under which he seeks to enforce the payment of his salary for the months named. Section 4 of this act reads:

"That the police juries of the several parishes in this state may be and are hereby authorized and empowered to contract for fixed and determined sums of money with those officers who receive in compensation for services under existing laws, fees, commissions or mileage from said parishes; provided, the compensation allowed shall not exceed 50% of the fees allowed by the laws of the state."

[3] The contract provided for in the section just quoted has reference to the expenses of the parish, and not to the criminal expenses now made payable by the state, and it does not apply to fees, commissions, or mileage which are not paid by the parishes.

Relator in his petition is not suing for compensation for services due him by the parish of St. James alone. He alleges that he is the attorney and legal adviser of public boards and political corporations, some of which are not even in the parish of St. James, viz.:

"(1) The board of commissioners of the Lafourche Basin levee district, domiciled in Ascension parish; (2) the joint organization of the Atchafalaya and Lafourche levee boards, domiciled in Ascension; (3) the Pouchartrain levee district, domiciled in St. James; (4) boards of school directors domiciled in Ascension, Assumption, and St. James; (5) police juries of the parishes of Ascension, Assumption, and St. James; and (6) the drainage districts and road districts situated in Ascension, Assumption, and St. James."

So that section 4 of the act does not authorize the police jury of St. James to enter

into a contract with relator to pay him a certain amount of money for fees which might be due by the above-named boards, or for legal services rendered to them, when the parish was not responsible for the salary of the attorney of those boards.

The Court of Appeal was of the opinion that the act of 1877, E. S., had been repealed by the adoption of Const. 1879, art. 124, wherein it is provided:

"There shall be a district attorney for each judicial district in the state, who shall be elected by the qualified electors of the judicial district. He shall receive a salary of $1,000.00 per annum, payable monthly on his own warrant, and shall hold office for four years. He shall be an actual resident of the district and a licensed attorney at law of this state.

"He shall also receive fees; but no fees shall be allowed in criminal cases except on conviction."

And, also, by Act No. 96, 1880, p. 122, passed in conformity with the above-cited article of the Constitution. It is entitled:

"An act defining the duties of district attorneys throughout the state, and fixing their fees."

In section 3 of the act it is provided:

"That the district attorneys throughout the state shall be entitled to receive, in addition to their salaries as allowed by the Constitution, the following fees, to wit: $5 on each conviction on which the accused is finally sentenced only to pay a fine."

Then follows a graduated scale extending from $5 to $25, and the section proceeds to say:

"He shall receive only one fee in any case, and shall not be paid his fees until the sentence shall become final on appeal or otherwise."

In section 6 it is provided:

"That all laws or parts of laws in conflict with this act be and the same are hereby repealed."

With reference to the effect and scope of this last act the court said in State ex rel. Broussard, District Attorney, v. Henderson, Sheriff, 120 La. 535, 45 South. 430, which case involved the right of the district attorney to a certain portion of the fines collected by the sheriff, which he alleged he was entitled to under the law:

"The Constitution of 1898 (article 125), referring to the district attorney, provided: 'He shall receive a salary of $1,000 per annum. * * * He shall also receive fees; but no fees shall be allowed in criminal cases, except on conviction, which fees shall not exceed $5 in cases of misdemeanor.

"Article 180 reads: 'No officer whose salary is fixed by the Constitution shall be allowed any fees or perquisites of office, except where otherwise provided for by this Constitution.'"

In this discussion of whether the act of 1877 had been repealed or not, either directly or by implication, the court proceeded to say:

"Applying this rule to the instant case, we are of opinion that the purpose of Act No. 96 of 1880 was to deal with the whole subject of the duties and compensation of district attorneys, and that, whilst there may have been some provisions of the existing law which escaped its operation, it so modified or superseded those upon which relator relies as to preclude his recovery upon the claim which he here sets up."

And the mandamus was refused.

Again, the Legislature in adopting Act No. 32 of 1902, p. 39, clearly intended to repeal Act 30 of 1877 by adopting:

"An act to amend and re-enact Act No. 30 of the General Assembly of 1877, Extra Session, approved March 28, 1877, entitled," etc.

Section 4 of the act of 1877 was not amended or re-enacted in the later act, and it forms no part thereof; and section 6 of Act 32 provides:

"That all laws or parts of laws contrary to or in conflict with the provisions of this act be and the same are hereby repealed."

[4] Again, in Act No. 125, 1912, p. 147, district attorneys are forbidden to collect fees

for services rendered to the corporations and institutions named in relator's petition. In section 1 of that act it is provided:

"That the Attorney General of the state of Louisiana in the parish of Orleans and the district attorney of the several judicial districts of the state of Louisiana, other than the parish of Orleans, shall ex officio and without extra compensation, general or special, be the regular attorney and counsel for the police juries and school boards within the parish of Orleans and within their respective districts and of every state board or commission domiciled therein, including levee boards, hospital and asylum boards, educational boards and dock boards, and all state boards or commissions, the members of which, in whole or in part, are elected by the people, or appointed by the Governor or other prescribed authority, except all state boards and commissions domiciled at the city of Baton Rouge parish of East Baton Rouge and all boards in charge or in control of state institutions; and it shall be unlawful for any police jury, school board, or state board or commission to retain or employ for any compensation whatever any attorney or counsel to represent it generally, or except as hereinafter provided, to retain or employ any special attorney or counsel for any compensation whatever to represent it in any special matter, or pay any compensation for any legal services whatever."

Section 3 provides:

"That no police jury or parish school board shall retain or employ any special attorney or counsel to represent it in any special matter or pay any compensation for any legal services whatever unless a real necessity exists therefor made to appear by a resolution thereof, stating fully the reasons for such action and the compensation to be paid, which resolution shall be spread upon the minutes of such body and published in the official journal of the parish."

Section 4 of the act declares it to be a malfeasance and gross misconduct for a district attorney to refuse to perform the duties required of him by the act, or to willfully fail to render faithful and efficient services in that regard. And it is further provided that members of police juries, school boards, and state boards or commis-

sions who shall violate any of the provisions of the act, and any counsel or attorney who shall knowingly accept such prohibited employment or compensation, shall be deemed guilty of a misdemeanor, etc. And section 6 provides:

"That all laws or parts of laws, general or special, in conflict or inconsistent with any of the provisions of this act be and the same are hereby repealed."

Relator's salary being fixed in the Constitution and the law, and an allowance of fees or perquisites of office being prohibited by the Constitution (article 180), and he being specially prohibited by statute from collecting fees for services sued upon in this case he cannot recover judgment for those services.

• [5] Relator is an officer of the government, and holds no contractual relation with it. The contract between him and the police jury which is here sued upon is not covered by the rules of law relative to contracts generally. The power which creates a public office, to define its duties, to fix its compensation, is essentially governmental, and there are no principles more firmly established than that, where no compensation is provided by law none is due, and that the compensation as fixed by law may not be changed by agreement. Contracts attempted to be made, which provide for compensation different from that prescribed by law, are void as being against public policy. 29 Cyc. p. 1426.

As relator's contract appears to cover compensation for legal services rendered by him to state boards and commissions which the law requires him to serve without compensation, his suit for its execution must be denied. The police jury is forbidden by the present law to make a contract which covers attorney fees in connection with state boards. The Act of 1877 only contemplated contracts between police juries and those of-

ficers who were at that time receiving fees and compensation from parishes.

It is therefore ordered, adjudged, and decreed that the judgment of the Court of Appeal in this case be affirmed at relator's costs.

O'NIELL, J., concurs in the decree.

### On Rehearing.

DAWKINS, J. On rehearing, plaintiff says that it is not contended by the Attorney General, representing the respondent, that he (plaintiff) is claiming of the parish of St. James any compensation to which he is not entitled under existing law, but that the sole question is as to the right of the police jury to make a contract with him to pay a fixed sum annually, in monthly installments, in lieu of the fees which he is permitted under the law to receive. And this seems to be the true issue.

[6] As pointed out in our former opinion, when the Act No. 30 of the Extra Session of the Legislature of 1877 was passed, district attorneys were entitled to receive certain fees for their services, and section 4 of that act, we think, authorized the making of such contracts as the one under consideration; but the Constitution of 1879, article 124, provided that "he [the district attorney] shall also receive fees; but no fees shall be allowed in criminal cases, except on conviction," and hence prohibited the collection of any fees in criminal cases except on conviction. Act 96 of 1880, passed pursuant to this provision, fixed specifically the fees which should be paid in such cases, and in the last sentence of section 3, the Legislature said: -

"He shall receive only one fee in any case, and shall not be paid his fee until the sentence has become final on appeal or otherwise."

Section 4 provided that he should advise the police jury and the school board, upon due application made, and represent them in all suits. Section 5 permitted him to receive 5 per cent. upon all sums which he might collect for the state, the parish, or the school board, and the commissions as allowed by law upon forfeited bonds.

The language of article 125 of the Constitution of 1898, on the subject of fees, is practically identical with that of 1879; so that the provisions of Act No. 96 of 1880 (which do not appear to have been changed) is the law of the case, at least in so far as the services of the district attorney in criminal cases are concerned; and, in view of its positive and specific terms that his fees shall not be paid except and until any particular case becomes final, we do not see how it can be said that those services may be paid for in any different manner, or at any other time. We take cognizance of the fact that criminal terms of court are held in the country parishes at least twice a year, and that the cases tried therein become final at intervals of about six months. Hence a contract by which services not yet rendered are paid for in advance, monthly or otherwise, or until the cases become final, it seems to us, violates the mandatory provisions of the law, and that, in so far as the fees of district attorneys in criminal cases are concerned, section 4 of Act No. 30 of 1877 has been superseded by the Act 96 of 1880.

Our conclusion, therefore, is that in criminal cases, the fees allowed by law can only be paid when and as they become due under the law, and that any other arrangement is unwarranted as it now exists.

[7] As to any services which the district attorney may render to the police jury, school board, or other public body in civil matters, he is denied any "extra compensation, general or special," and must be the "regular attorney for the police jury and school board," etc. Act 125 of 1912. The

police jury is the legal entity representing the parish, and has no other business or function than in matters touching its interests. Therefore any contract for compensation for services to the parish in civil matters is prohibited by the statute.

In regard to the 5 per cent. commission on forfeited bonds, we know that any funds realized from this source go to the public schools of the parish through the school board, and in this same act of 1912 the district attorney is made the regular attorney of the school board without extra compensation; and no fees may be paid for services to it or the parish, except under certain conditions not applicable to this case.

It follows that there are no legal services which the district attorney can render to the parish, for which he may exact compensation, other than in the trial of criminal cases, and hence nothing to form the basis of the agreement in this case, or to support the compensation which he is claiming.

For the reasons assigned, our former decree is reinstated and made the final judgment of this court.

O'NIELL, J., concurs in the result.