### No. 10,161
### Orleans

---

## STATE EX REL. MAES v. NEW ORLEANS POLICE BOARD

---

(Jan.· 17, 1927.  Opinion and Decree.)
(Jan. 31, 1927.  Rehearing Refused.)
(Mar. 2, 1927.  Writ of Certiorari and Review denied by Supreme Court.)

*(Syllabus by the Court.)*

1.  **Louisiana Digest—Pleading—Par. 62, 71.** An exception of no cause of action admits the well pleaded facts, but not the con-

clusions of law contained in the petition.

2. **Louisiana Digest—Mandamus—Par. 45.**

A municipal board cannot be controlled by mandatory injunction in the performance of discretionary duties and the courts will not go behind the judgment of the board for the purpose of inquiring into the amount of the evidence.

Appeal from Civil District Court, Division "D". Hon. Porter Parker, Judge.

Action by Joseph Maes on the relation of the State of Louisiana against the New Orleans Police Board to show cause why injunction should not issue.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Richard A. Dowling, Alfred J. Bonomo, of New Orleans, attorneys for plaintiff, appellant.

Ivy G. Kittridge, Wm. E. Westerman, of New Orleans, attorneys for defendant, appellee.

### OPINION

JONES, J.   This is a suit by Joseph Maes, a former policeman of New Orleans, asking the Police Board of New Orleans and the individual members thereof show cause why an injunction should not issue compelling them to reinstate petitioner as a policeman and also for a judgment awarding him the salary he would have been paid if he had not been dismissed.

The material allegations of the petition briefly put are as follows:

1. He was a duly and legally appointed police officer of New Orleans, and made an excellent record on the police force prior to the present trouble.

2. He was charged with bribery in an indictment before the Criminal Courts of New Orleans on September 27, 1924.

3. That on October 14, 1924, before his trial on the criminal charge, he was tried by the police superintendent and dismissed from the force.

4. He appealed to the Police Board, but they affirmed the decision of the police superintendent on October 23, 1924.

5. That both trials were over his protest and objections, as he made the objection that the charge being a criminal one he was entitled to be tried in the Criminal Courts first, and if found guilty he would automatically be barred from further service on the police force; but that if acquitted he was entitled to retain his position.

6. That neither the superintendent of police, nor the police board, would await the trial of the criminal charge, but dismissed him from the force.

7. That he was tried by the Criminal Court on December 4, 1924, and found "not guilty" by a jury on the self same charge of bribery.

8. That within the limit allowed by law, and after being exonerated by a jury of this charge, he again applied to be reinstated to his position by asking the police board to grant him a rehearing. This they refused to do.

9. That your petitioner having been discharged by the police superintendent of New Orleans, in violation of law, is entitled to his salary for the time that he has been deprived of employment as a police officer of the City of New Orleans. (Par. XVI.)

To this petition the City of New Orleans and the other defendants filed along with other exceptions an exception of no cause of action, which was maintained by the lower court. As the other exceptions were not passed on by the lower court, the only question before us is the correctness of the ruling of the lower court on the exception of no cause or right of action.

The only material allegation is that contained in the paragraph quoted above (par. XVI of plaintiff's petition), which states

that the superintendent and the police board acted illegally in dismissing him, which averment is clearly a legal conclusion for the other allegations of the petition apparently show that the superintendent and the police board acted throughout under the authority conferred upon them by Act 32 of 1904, the controlling law.

In the case of Ex Rel. McMahon vs. New Orleans, 107 La. 632, 32 So. 22, where plaintiff sought a mandamus compelling the Council of the City of New Orleans to reinstate him in that body, the Supreme Court uses the following language:

"True it is, where in such a case, a charge sufficiently grave to justify expulsion has been preferred, and the accused has received the notice, and has been afforded the opportunities for defense, to which he is entitled, and there has been evidence adduced in support of such charge, the courts will not, ordinarily, go behind the judgment rendered for the purpose of inquiring 'into the amount, or the balance, of evidence'."

In the case of Lane, Secretary of the Interior, vs. ————, 240 U. S. 174, the United States Supreme Court held that courts will only issue the writ of mandamus where the duty is plain and not discretionary.

In the case of State vs. Chauvin, 147 La. 703, 85 So. 645, the Supreme Court held that officers cannot be controlled by mandamus in the performance of discretionary duties.

An exception of no cause of action admits the well pleaded facts, but not the conclusions of law contained in the petition.

Southern Chemical vs. Wolf, 48 La. Ann. 631, 19 So. 558.

Globe Realty Company vs. Vix, 3 Orl. App. 270.