No. ——

First Circuit

---

CROSS v. CITY OF BATON ROUGE

---

(December 6, 1927.  Opinion and Decree)

---

(*Syllabus by the Editor*)

1. **Louisiana Digest — Municipalities — Par. 99.**

The City of Baton Rouge has the discretionary power under Act No. 169 of

1898, as amended by Act No. 31 of 1904 and Act No. 17 of 1924, to order sidewalks built according to grade specified by the city regardless of whether sidewalks had been built at another grade prior thereto.

2. **Louisiana Digest—Mandamus—Par. 45, 50.**

The City of Baton Rouge, having the discretionary power to order sidewalks built according to grade specified, cannot be deprived of this right by writ of mandamus which can be invoked only where there is no element of discretion left in the performance of duty.

Appeal from the Parish of East Baton Rouge. Hon. Wm. Carruth Jones, Judge.

Action by State ex rel. T. Jones Cross against City of Baton Rouge.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

T. Jones Cross, of Baton Rouge, attorney for plaintiff, appellant.

H. Payne Breazeale and C. C. Bird, of Baton Rouge, attorneys for defendant, appellee.

MOUTON, J.   This is a proceeding by mandamus to compel the defendant to construct a suitable pavement in front of relator's property on St. Napoleon Street in the City of Baton Rouge. The demand for the writ is based on the alleged grievance that the sidewalk is twelve inches lower than the wall of the street curbing and the elevation of the center of the street, thus causing a depression in the sidewalk, where, after rains, water collects and which interferes with relator's tenants in getting in and out of the premises.

Relator alleges that if the sidewalk is permitted to remain in the condition it is at present, he will suffer damages in the sum of $500.00 in the depreciation of his property and the reduction of its rental value. He does not, however, ask any damages, but confines the relief sought by him, as shown by the prayer of his petition, to the issuance of a mandamus compelling the defendant city, through its agents and officers, to elevate the sidewalk in front of his property to a proper grade, and to lay thereon a suitable pavement.

The City of Baton Rouge was incorporated or given its charter by Act No. 169, 1898, page 329. The power to enact paving or banquetting ordinances was conferred on the city by Section 6 of Act No. 31 of 1904, page 38. Under Section 6 of the Act of 1904, amending Section 42 of the prior Act, the city was given the authority to fill, grade and pave, plank or otherwise improve its sidewalks. It was also given the power to assess against the estate abutting the sidewalk the cost incurred to pave or improve it. Act 169, 1898, incorporating the City of Baton Rouge was amended again by Act 17 of 1924, page 22, but there were no changes made by that Act to the provisions which existed in the previous Acts in reference to the powers conferred on the city to pave and improve its sidewalks. In Landry vs. City of Lake Charles, 125 La. 210, 51 South. 120, the Court held that the cost for the repair of a sidewalk could be imposed on the abutting real estate, but not for the construction of an entirely new sidewalk when the owner had previously furnished one. The contention of relator in this case is that he has already furnished a sidewalk in front of the premises in question at his own expense, and which he admits the city could compel him to repair at his cost, but he maintains that the city is attempting to force him to build an entirely new sidewalk at his expense, which he contends it

cannot do under the doctrine announced in the decisions hereinabove cited.

Counsel for relator admits that cities or municipalities are vested with the discretionary power to repair or build sidewalks within their corporate limits, and accedes to the elementary proposition that the exercise of that discretion through its officers, cannot be controlled by mandamus proceedings. He contends, however, that there are exceptions or limitations to all general rules, and that his case falls within one of these exceptions.

In support of the position so taken by him, relator contends that the city, having adopted the lines, elevations and plans in reference to the sidewalk, and having notified him through its proper officers to build it in accordance therewith, that it has exercised its discretion, and is now committed on the point that the public interests require that this pavement should be erected. He contends that the sidewalk has been ordered to be built as designed and that the failure or refusal of the city to build it would be in disregard of a plain and obvious public duty, and that under such circumstances, mandamus will lie to force the hands of the municipal authorities.

Relator refers us to LeBaron & Son vs. Dupont, 11 La. Ann. 140, where a mandamus was maintained compelling the police jury of Carroll Parish to order the levee of a special tax for the construction of a court house under the provisions of Act No. 20, 1853. Under Section 6 of that Act, the Police Jury of that parish was ordered to levy a special tax to build a court house. The Court held that its refusal to make an appropriation for the building was in direct violation of the sixth section of that statute, and maintained the mandamus; clearly, there was no discretion vested in

the Police Jury that could have authorized it to evade its plain duty imposed upon it by statutory authority.

In the instant case it cannot be said that the defendant city in ordering plaintiff to bring up the pavement to the requirements of the levels or plans was acting in violation of any direct command of any law or statute. If it was acting contrary to any obligation, it was only in opposition to the duty of the city to build the sidewalk which relator contends resulted from the exercise of its discretion in ordering the laying of the pavement. If the duty to construct the sidewalk devolved on the city and became fixed as a legal obligation by the exercise of its discretion, the reaching of that conclusion could be obtained only by deduction from the facts of the case, which are rather conflicting as to whether the order to raise the sidewalk to the proper level involved the repair thereof or the building of a new one. Such an issue cannot be assimulated to the contravention of a special statute, as was the issue presented in the 11th Annual, above referred to; and, certainly not to some ministerial or well defined duty usually controlled by the writ of mandamus.

Relator also cites Henderson vs. Shreveport, not yet published in our reports, where the Court said:

"It is the plain duty of the School Board to divest itself of any land which admittedly, according to the judgment of the board itself, was unnecessary or unsuitable for school purposes; and mandamus would certainly lie to compel the board to divest itself of land so held."

It is clear from the language used in the foregoing excerpt that the land referred to had been discarded as being unnecessary or unsuitable for school purposes. The Court, in that case, we presume, reached the conclusion that the school board had

exhausted its discretion in the premises, as it could not be possible for it thereafter to retain the land in spite of the declaration hereinabove reproduced. The issue submitted here is not covered by the rule above referred to. It cannot be successfully contended that the city was bound to build the sidewalk exactly according to the grade, levels or plans it had adopted in the order by which relator was directed to construct it. The city had the unquestionable right at any time prior to the building of the sidewalk by relator, to order any change or alteration of the levels or plan. The discretionary power to do so still remained in the city. It could not be cut off of this right by the writ of mandamus, which can be invoked only where the duties sought to be enforced are clear and specific, and no element of discretion is left in their performance.

State vs. Police Jury, 39 La. Ann, 2 South. 305.

State vs. Police Jury, 29 La. Ann. 146.

State vs. Board of Liquidation, 42 La. Ann. 647, 7 South. 706, 8 South. 577.

Relator has no right to compel the defendant city by mandamus to elevate the sidewalk in question to a certain grade and to lay the pavement as prayed for. He must obtain such relief as he may be entitled to by some other legal process.

The relator's suit was properly dismissed.