No. 2816

**Second Circuit**

STATE EX REL. YOUNG v. HICKMAN, MAYOR, ET AL.

(April 10, 1930. Opinion and Decree.)

L. B. Duke, of Benton, attorney for plaintiff, appellant.

John B. Files and W. A. Mabry, of Shreveport, attorneys for defendants, appellees.

ODOM, J. This is a mandamus proceeding against the mayor and the board of aldermen of the town of Bossier to compel them to rescind an ordinance and to mark certain streets and to remove certain obstructions therefrom. Respondents filed an exception of no cause of action, which was sustained, and plaintiff appealed.

Plaintiff alleges that he owns lot 74 and parts of other lots in Helperin addition to the town of Bossier, which addition or subdivision has been subdivided into blocks and lots with streets designated and dedicated on a plat duly recorded; that during

the early part of 1926, one A. E. Green was permitted by the mayor and board of aldermen to enter the said addition or subdivision and remove said markings and to plow and cultivate the land, including the streets and plaintiff's lots in said subdivision and to exercise private dominion over the same, all over petitioner's protest, and in paragraph 8 of his petition, he alleges:

"That at a special session of the Town Council of the town of Bossier, held on the ——— day of June, 1926, said council adopted a purported ordinance, being ordinance No. 133, in which they attempt to have vacated and abandoned to public use certain designated streets and all alleys, which as a matter of fact includes all streets and alleys in said subdivision."

He prays that a writ of mandamus issue directed to the mayor and the board of aldermen "commanding them to rescind said ordinance No. 133 and to cause to be removed all obstructions and to mark and open to the public for the use and benefit of any citizen said streets and alleys in the Helperin Addition to the Town of Bossier."

Counsel for appellant did not appear in this court to argue the case and has not filed a brief suggesting any reason why the judgment sustaining the exception of no cause of action should be reversed.

Plaintiff asks that the mayor and board of aldermen of the town be compelled by mandamus proceeding to repeal or rescind ordinance No. 133 of that municipality. A copy of that ordinance was not attached to the petition and has not been otherwise exhibited, but we understand from plaintiff's allegations that by said ordinance the defendant municipality revoked and set aside the dedication of certain streets and alleys in the Helperin addition or subdivision within the corporate limits of the town. Under section 1, Act 151 of 1910,

municipal corporations "have full power and authority, in their discretion, to revoke and set aside the dedication of all roads, streets, and alleyways, heretofore laid out and dedicated to public use, within their respective limits when such roads, streets and alleyways have been abandoned, and are no longer needed for public purposes."

We must assume that the municipal officers set aside the dedication of the streets and alleys because they were considered abandoned and no longer needed for public purposes. This they were authorized and impowered to do under the above act and under Act 136 of 1898, sec. 15, subd. 20, and amendments.

Municipalities are not compelled under the law to open streets or to set aside the dedication of them when abandoned or no longer necessary. Whether they do either is left wholly to the discretion of the governing authorities. If the streets abandoned by the defendant municipality by its ordinance No. 133 were no longer necessary for the use of the public, and we assume that such was the reason of the municipality in abandoning them, as there is no allegation to the contrary, the officers did not exercise their discretion arbitrarily. Municipal officers cannot be compelled by mandamus proceeding to adopt or rescind an ordinance in cases where the adoption or rescission of the same is left wholly to their discretion. State vs. Board of Liquidation, 42 La. Ann. 647, 7 So. 706, 8 So. 577; State vs. Police Jury, 154 La. 389, 97 So. 584; State vs. Chauvin, 147 La. 703, 85 So. 645; State ex rel. McMahon vs. New Orleans, 107 La. 632, 32 So. 22; State ex rel. Maes vs. New Orleans Police Board, 6 La. App. 48; Cross vs. City of Baton Rouge, 7 La. App. 212.

The judgment is affirmed, with all costs.