In the month of November, 1930, certain owners of real estate abutting on Lafayette Street within the Town of Winnfield, Louisiana, including defendant, S.N. Thomas, whose lot fronted 110 feet thereon, petitioned the governing authorities of that municipality to pave such street.
After due proceedings, the petition was favorably acted upon, the requested improvements were ordered constructed, and the necessary contract was let and the construction commenced.
The mentioned governing authorities on July 8, 1931, adopted an ordinance reciting the formal acceptance from the contractor of the satisfactorily completed paving, together with necessary curbing, and levying an assessment against the abutting real estate to cover the total cost incurred in the construction of the improvements.
Exercising the option which he had relative to his affected property, defendant paid five per cent of the assessment in cash; and for the balance he executed ten notes for the sum of $25.90 each, these being due and payable at the rate of one each year beginning July 8, 1932. Payment of the notes was secured by a lien and privilege on his lot.
Defendant paid the first five yearly installments at their respective maturities, but refused to make further payments. Thereupon this in rem action was instituted by the Town of Winnfield to obtain satisfaction of the remaining five lien notes, of which it was the holder and owner.
The sole defense offered is that the obligation became uninforceable and extinguished upon the demolition by the Louisiana Highway Commission, with the consent, cooperation and active assistance of plaintiff, of all of the paving and curbing constructed in front of defendant's premises. In reconvention, defendant presented a demand for reimbursement of the funds that he had previously paid under the assessment.
Following a trial of the case the district court rendered judgment, supported by written reasons, rejecting the demands of plaintiff and dismissing its suit. Also, there was a rejection of the reconventional demand.
Plaintiff perfected this appeal. It has not been answered by defendant, and neither has he appealed; consequently, the reconventional demand is not before us for consideration.
In our opinion the trial court correctly sustained the defense urged.
The evidence discloses that the aforementioned paving, for which the assessment in question was levied, covered the entire street in front of defendant's lot; and it, together with the adjoining curbing, had been laid in accordance with an established grade that was level with said property.
After defendant had paid five of the yearly installments, the Louisiana Highway Commission, under an agreement with plaintiff and with the express consent and *Page 588 
approval of that municipality, destroyed and removed all of such pavement and curbing. Then it was permitted to, and it did, raise the grade of the street and build there a much narrower concrete slab to serve as the western approach for an overpass across the tracks of the Chicago, Rock Island and Pacific Railroad. This action not only deprived defendant of the curbing and pavement for which he was assessed, but it also placed his lot several feet below the newly established grade and left unpaved a strip twelve to fifteen feet wide between his property and the concrete slab approach.
Several methods are listed in Civil Code, Article 2130 for the extinguishment of obligations, one of them being by the loss of the thing.
It is said in part in Civil Code, Article 2219 that: "When the certain and determinate substance, which was the object of the obligation, is destroyed, is rendered unsalable, or is lost, so that it is absolutely not known to exist, the obligation is extinguished, if the thing has been destroyed or lost, without the fault of the debtor, and before he was in default."
One of the methods enumerated in Civil Code, Article 3277 for the extinguishment of a privilege is "by the extinction of debt which gave birth to it."
These codal provisions are applicable to the instant case, as the trial judge so held; and by reason of them plaintiff is not entitled to recover. The pavement, along with the curbing, was the object of the obligation herein sought to be enforced. It was completely destroyed, and there has never been a replacement of it as originally constructed. The destruction was effected by the Highway Commission with the full permission of the plaintiff; hence the latter is bound by the Commission's act. The lien and privilege on defendant's property also became extinct on the extinguishment of the obligation.
Counsel for plaintiff cite the cases of Manning v. City of Shreveport, 119 La. 1044, 44 So. 882, 13 L.R.A., N.S., 452; Landry et al. v. City of Lake Charles, 125 La. 210, 51 So. 120; City of Shreveport v. Curcio, La.App., 157 So. 317, in aid of this action. All deal primarily with the right of a person to recover from a municipality damages that his property had allegedly sustained by virtue of changes of street grades. Obviously, they are not relevant to this cause. Defendant presents no claim for property damage.
The judgment is affirmed.