### J. L. OWEN, Administrator, v. H. F. VANDERSLICE.

Defendant being sued on his promissory note, pleaded two accounts for work and labor done in compensation and payment. *Held :* The Court below properly rejected the evidence offered on part of the defendant to prove that the work was done, and the prices charged were reasonable. C. C. 2205.

C. C. 2127.

Defendant cannot compensate a debt due by note, by an account for work, where there was no agreement to pay a fixed price for the work and no acknowledgement of the correctness of the account.

APPEAL from the District Court of the Parish of West Feliciana, *Sterling, J. C. Ratliff,* for plaintiff. *Brewer & Collins,* for defendant and appellant..

BUCHANAN, J. Defendant being sued upon his promissory note, pleaded two accounts for work and labor done in compensation and payment. The Court below properly rejected the evidence offered on the part of the defendant to prove that the work was done, and the prices charged were reasonable. C. C. 2205. The claim sued on was an unconditional promise to pay a sum of money certain. That set up in defence had neither been the subject of an agreement to pay a fixed price for the work, nor been liquidated by an acknowledgement of the correctness of the account after the completion of the work. The latter case would, indeed, have been the only proper ground of a plea in compensation. But had there been an agreement for a fixed price to be credited upon the note, coupled with proof that the work had been done according to agreement, this would have come within the definition of payment given in Article 2127 of the Code, and such proof would have been properly offered under the plea of payment. But that is not the present case.

The plaintiff has asked for damages as for a frivolous appeal; but the evidence discloses equities, which incline us to consider this as not a case for damages.

Judgment affirmed with costs.