## No. 5917.

### CHARLES F. BERENS vs. ROBERT J. KER.

It was clearly incompetent for the defendant to set up in compensation against the note sued on the unliquidated claims alleged to be for services rendered as an attorney.

APPEAL from the Sixth District Court, parish of Orleans. *Saucier, J. J. A. Rozier,* for plaintiff and appellee. *E. H. McCaleb,,* for defendant and appellant.

TALIAFERRO, J. This suit is brought *via ordinaria* on a promissory note, secured by mortgage executed before a notary and two witnesses.

Berens vs. Ker.

This act contains the common clause inserted in mortgages given to secure loans of money, stipulating that the debtor on failure to make prompt payment shall pay five per cent on the amount sued for as attorney's fees for collection as well as all legal costs that may accrue. The act contains a confession of judgment by the debtor, who also renounces the benefit of appraisement in the event of a sale of the property, and consents that it be sold for cash to the highest bidder without appraisement. The note is for the sum of $3500, dated May 18, 1870, and made payable one year after date, with eight per cent interest per annum from maturity.

The defendant sets up against this claim the plea of compensation, averring that plaintiff owes him for professional services as an attorney and counselor-at-law rendered in various cases during the years 1870, 1871, 1872, and 1873, the sum of $5085, and he reconvenes for the sum of $1585 as the balance due him for professional services.

The court a qua rendered judgment in favor of the plaintiff for the amount claimed, with recognition of the plaintiff's mortgage rights and an order to enforce them against the property mortgaged. The decree reserved to the defendant the right to proceed against the plaintiff in a separate action on the claims set up by defendant in his plea of compensation.

From this judgment the defendant appeals.

The bill of exceptions taken by the plaintiff we deem it unimportant to pass upon. The prescription of three years was pleaded on the part of the plaintiff against all the defendant's claims.

We think the judgment was properly rendered.

It was clearly incompetent for the defendant to set up in compensation against the note sued on the unliquidated claims alleged to be for services rendered as an attorney. Civil Code 2209.

Judgment affirmed.

Rehearing refused.