## No. 1104.

### J. W. BURBRIDGE & Co. vs. T. C. ANDERSON ET AL.

The maker and the endorser of a promissory note are not entitled to plead an unliquidated claim in Compensation against the holder; nor, by swearing to the plea, are they entitled to a trial by jury.

APPEAL from the Thirteenth Judicial District Court, parish of St. Landry. *Hudspeth*, J.

Henry L. Garland for Plaintiffs and Appellees.

Lewis & Bro. and A. Voorhies for Defendants and Appellants :

First—Defendant has the right to amend his answer, provided the application is made at the proper time, and the amended answer does not alter the substance of the original answer.

Second—The plea of a want of consideration, in a suit on a promissory note, is not inconsistent with the general issue ; and defendant is at liberty to plead want of consideration, either by coupling it with the general denial, or by presenting it in an amended answer. 19 An. 207.

Third—The general issue on a promissory note admits the signature of respondent, but leaves open all other means of defense. 10 An. 180 ; 16 An. 10 ; 8 An. 312.

Fourth—The maker of a promissory note, furnished by him to plaintiffs, with the subsequent indorsement of an accommodation indorser or surety, is entitled to a trial by jury, when the plea of want of consideration is supported by affidavit. And the surety or accommodation indorser is equally entitled to the trial by jury, when he has joined the maker in this special defense.

Fifth—When an amended answer, on file and of record, has been subsequently disallowed and rejected by the court, there need be no bill of exception to have the matter reviewed by the appellate court. 12 An. 113 ; 10 An. 204, 547 ; 6 La. 380.

The opinion of the Court was delivered by

Poché, J. This is an action on a promissory note for the sum of $1836 05, subscribed by Thomas C. Anderson, on May 15th, 1877, payable two years after date, to the order of Elbert Gantt, indorsed by the latter, and duly protested for non-payment at maturity.

On December 23d, 1879, defendants filed a general denial.

On January 14th, 1880, they offered to file an amended answer, in which they alleged want of consideration of the note sued upon, for the reason that at the time of the execution of the note in suit plaintiffs were indebted to defendant Anderson, in the sum of $5800 on account of State bonds sold for his account by plaintiffs, and for an unspecified amount of cotton-tax refunded by the Federal Government to plaintiffs for Anderson's account; and they concluded by asking for trial by jury. Their averments were supported by affidavit. The District Judge, after hearing both parties, disallowed the amended answer, refused trial by jury, and on trial rendered judgment against defendants *in solido* for the amount of the note and interest; and defendants appeal.

The correctness of the judge's ruling in disallowing the amended answer, and in refusing jury trial, is the issue submitted to our decision.

Plaintiffs' objection to our considering this ruling, for the reason that no bill of exceptions was taken thereto, is untenable. The record is full and explicit on that point, and the ruling of the court is shown by the minutes. But the position of defendants in offering the defense set up in their amended answer is equally untenable.

Nothing in the note sued upon or in the record tends to show or even intimate that plaintiffs were a party to the note executed by Anderson, in favor of his co-defendant Gantt; the note was negotiable in its character, and on proving the signature of the indorser, the bearer will be presumed, until the contrary be proven, to be the *bona fide* holder of the note, and plaintiffs' relations as debtors of Anderson, at the date of the note, cannot be held as affecting the consideration of the same.

And besides, the alleged indebtedness of plaintiffs to Anderson, if it does exist, is an unliquidated account, which could not be set up in compensation against a promissory note, especially when we see that the second item of such indebtedness is not specified as to amount in the answer.

It is elementary that if the answer had been admitted and trial had thereon, objections by plaintiff to the introduction of any evidence tending to support a plea untenable in law should and would have been sustained. The court then in admitting the answer, and allowing a trial by jury, would have done an act worse than vain in impaneling a jury who would have had no issue to try. Courts cannot be called on to do vain and nugatory things, and the District Judge correctly and properly

disallowed defendants' amended answer and properly overruled their prayer for jury.

Plaintiffs have filed a prayer for damages as for a frivolous appeal ; but as defendants' counsel, who tried the case in the lower court, may have been honestly mistaken as to the correctness of his position, and has since died, we shall not allow the damages prayed for.

It is therefore ordered, adjudged, and decreed that the judgment of the District Court be affirmed, with costs in both courts.