*1464 The opinion of the court was delivered by
Miller, J.
The plaintiff sues on one of the notes given for the price of a stock of goods, claiming the vendor’s privilege. The defence is that there was no ground for the sequestration issued; that the note sued on was compensated to the extent of two thousand dollars, claimed to be .for an alleged violation of plaintiff’s contract not to engage in business. Tender for the residue of the amount is alleged, and there is a reconventional demand for damages claimed to have been sustained by the wrongful seizure under the writ of sequéstration. The judgment of the lower court was in favor of the plaintiff, and defendants appeal.
The defendants complain that the judgment of the lower court was changed after its rendition, so that, as it is stated in the brief, there are two judgments. It seems that in entering the judgment there was included an item of thirteen dollars instead of four dollars. To correct this the court rendered and signed the judgment for the proper amount, the correction being made within the delay for making the judgment final. This charge the defendant insists the court had no right to make. The authorities brought to our notice affirm that the court can make no substantial change in a judgment except in the mode provided by law. In one of the cases the lower court changed the judgment after its rendition in a substantial respect; in another the judgment against plaintiff was changed to one in his favor. Miller vs. Chandler, 29 An. 91; Factors and Traders’ Insurance Company vs. The New Harbor Protection Company et als., 39 An. 583. Here the change was in favor of defendant and to correct an error of nine dollars. We think it was within the power to correct the error as one not of substance. Code of Practice, Art. 547.
The ease was called for trial before Judge Potts, the additional judge for the Fifth Judicial District provided by the Act No. 146 of 1894. He recused himself, having been of counsel, and assigned a judge ad hoc to try the case. The case was thereafter taken up, and defendant then excepted to the trial before the judge ad hoc on the ground that the regular judge of the district was in a condition to perform the judicial functions. It seems that Judge Potts heard and overruled the motion, challenging the competency of the judge ad hoc, who thereupon tried the case and rendered the judgment. The defendants insists that Judge Potts had no right to select the judge *1465 ad hoc unless both judges were recused, nor to decide, after recusing himself, the motion challenging the capacity of the judge ad hoc. We do not think the act requires the joint action of both judges; its object was to enable the additional judge to act for the dispatch of the judicial business, necessarily implying his single action. Nor was any exception taken when Judge Potts .recused himself and appointed the judge ad hoc. That appointment was rightfully made, and, in our view, continued in force until the determination of the case. It is claimed that defendant had the right to question the competency of the judge ad hoc on the alleged ground that Judge Richardson had regained his health. In our view, this was not a question the defendant could raise under this act of 1894, and the circumstances of this case. The judges are to “arrange between themselves the judicial work.” To them is left the question of the disposition of the cases. We must presume this case was disposed of in accordance with the arrangement of the judges. Besides, the bill informs us that Judge Potts had seen, talked with Judge Richardson, whose physical inability to try the case is certified to this court by Judge Potts. We think the bill shows the basis for the appointment of the judge ad hoc and that the inability of Judge Richardson existed when the case was tried. We do not think, under these circumstances, it is for the defendant to question the competency of the judge ad hoc. ■
This view, too, in our view, renders unimportant the fact that Judge Potts tried the motions challenging the capacity of the judge ad hoc, and it seems it was at defendant’s instance that Judge Potts presided on that occasion.
The reconventional demand for damages is based upon the alleged absence of cause for the writ of sequestration. The statute authorizes the writ when the debt and privilege exists and the defendant fears the plaintiff will conceal, part with or dispose of the property on which the privilege exists. The maturity of the debt, that it was unpaid, and the fact that defendants were selling the property, though in due course of business, afforded the basis for the writ. Code of Practice, Art. 275, as amended; Lowden vs. Robertson, 40 An. 825.
The defendant pleaded in compensation the amount of the penal obligation of the plaintiff not to engage in business. The penal obligation is, of course, conditional in its character, and if susceptible *1466 of enforcement at all, the amount is modified in ease of the partial execution of the principal obligations. The plaintiff denies any violation of the agreement in aid of which the penalty was stipulated, or if any, insists it was but partial and inconsiderable. The demand in compensation must be fixed, “ equally liquidated and demand-able,” as the Code puts it. We think it clear that the demand on a. penal clause, unliquidated and undisputed, can not be pleaded in compensation against a promissory note. This view disposes of the question of tender, one of the defences. C. C., Art. 2209; Lacoste vs. Bordere et al., 7 N. S. 517; Pi vs. Vidal, 5 An. 303. Nor do we think, with due regard to the rights of plaintiff, apprised by the pleadings that he was to meet a plea in compensation admitting of a complete legal defence, that we can deal with the plea as one in re-convention. The lower court has reserved defendant’s rights under the penal obligation, and this, in our view, is all to which defendant is entitled.
The judgment in this case allowed ten per cent, on the amount recovered, of which defendant complained, but that stipulation was in the contract.
It is therefore ordered, adjudged and decreed that the judgment of the lower court be affirmed, with costs.
Nicholls, C. J., absent.