(67 South. 925)

No. 20338.

FRANZ v. SCHIRO.

(Feb. 23, 1915. Rehearing Denied March 22, 1915.)

*(Syllabus by the Court.)*

1. BILLS AND NOTES ⬤⟹370, 453—WANT OF CONSIDERATION.

"Absence or failure of consideration is a matter of defense against any person not the holder of a promissory note in due course."

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 963, 1344–1351; Dec. Dig. ⬤⟹370, 453.]

2. SET-OFF AND COUNTERCLAIM ⬤⟹35—COMPENSATION.

"Compensation takes place only between two debts, having equally for their objects a sum of money, or a certain quantity of consumable things of one and the same kind, and which are equally liquidated and demandable."

[Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig. §§ 58–64; Dec. Dig. ⬤⟹35.]

Appeal from Civil District Court, Parish of Orleans; E. K. Skinner, Judge.

Action by Fred Franz against Anthony P. Schiro. From judgment for plaintiff, defendant appeals. Affirmed.

Breaux & Roehl, McCloskey & Benedict, and John Wagner, all of New Orleans, for appellant. A. D. Danziger, of New Orleans, for appellee.

SOMMERVILLE, J. Plaintiff sues upon a negotiable promissory note, acquired for value and before maturity, and the defense is that the plaintiff is not the real owner, but that he holds for his wife, and that the wife, by certain tortious acts, with the consent and approval of her husband, has damaged defendant in an unnamed amount, and that defendant therefore owes nothing on said note.

There was judgment for plaintiff, and defendant has appealed.

[2] After plaintiff had introduced evidence going to show that he was the bona fide owner of the note for value, and that he had acquired it before maturity, defendant offered to prove certain allegations in his answer made with reference to certain alleged tortious acts of the wife of plaintiff; plaintiff objected to the introduction of such evidence "on the ground that this suit is brought by Mr. Fred. Franz, that he has testified that the money, $5,000, one-half of which is the subject of the controversy here, was paid out by him, and that any action of his wife, if such there was, cannot be a set-off to debts which are due to Mr. Franz." And a further objection was made "to any evidence tending to establish a compensation or set-off of any kind, due to merchandise alleged to have been taken away from the place; that defendant seeks to set off (an unliquidated claim) against a note, and a notarial act (and that this cannot be done), on the ground that the two debts are not of equal rank; that this other claim has not been liquidated, and cannot, under the law, and particularly under article 2209 of the Civil Code, be compensated one against the other."

The court ordered: "Let the objection go to the effect." The objection should have been sustained.

Plaintiff being a holder of the note sued on in due course, his claim thereunder could not be compensated, or set off, by an unliquidated claim which defendant might have against him. C. C. art. 2209.

[1] An exception was filed during the course of the trial, pleading want of consideration; but, as plaintiff was a "holder in due course" of the note sued on, this defense could not be entertained. Sections 28 and 52 of the negotiable instrument law, Act No. 64, 1904, p. 147.

Judgment affirmed.