PROVOSTY, J.
The defendants in these several consolidated cases are sued for their proportion of the cost of paving the street in front of their abutting lots.
[1] They resist the payment upon the ground that the work was not -done according to contract, in that many of the wooden blocks which the pavement was made of were not properly creosoted, and were laid at right angles to the curb, instead of diagonally, as required by the specifications.
The work was accepted by the city authorities. This acceptance is binding upon the property owners in the absence of allegation of fraud or error (Kelly v. Chadwick, 104 La. 719, 29 South. 295; Moody v. Spotorno, 112 La. 1008, 36 South. 836); and no such allegation is made by defendants.
The learned counsel for defendants review in their brief the several decisions of this court in which that doctrine has been announced, and say that the announcement was unnecessary for the decision of the cases, and was therefore obiter dictum. But that doctrine is well settled in jurisprudence, and *534 would have to be applied here as good law even if it had not been heretofore declared by this court to be such.
[2] Again, counsel say that this doctrine is based on estoppel, and estoppel was not pleaded by plaintiff. It did not need to be. Keystone Life Ins. Co. v. Von Schlemmer, 122 La. 280, 47 South. 606.
[3] Another ground is that the specifications call for a kind of concrete for the foundation under the roadbed of the street railway costing at least 30 cents per yard more than that under the rest of the street, and that this extra expense should have been charged to the railway company and not to the general cost of the pavement.
It seems that this better quality of concrete was thought to be necessary for that part of the street in view of the heavier traffic upon it.
We can see no reason why, if one part of a street need to be more solid than another, the city council should not have authority to adapt thé specifications to this need. For illustration, if the greater part of the heavy hauling upon the street were known to go one way, and therefore to pass over a particular side of the street, there ought not to be any reason why that side should not be made stronger.
[4] Another ground sought to be relied on is that, the railroad having chosen to make its roadbed 19% feet wide, instead of 16 feet as heretofore, its proportion of the cost of the paving should be increased accordingly.
This ground is not urged in the pleadings, and therefore cannot be considered.
[8, 6] Counsel say that the pleadings have been enlarged by evidence received without objection showing this increased width.
But evidence received without objection enlarges pleadings only when it would not have been admissible if objected to; whereas the evidence thus relied on as having enlarged the pleadings, which is the evidence as to the width of this roadbed, was admissible in support of the claim that 30 cents per yard of the cost of the concrete under this roadbed should be deducted from the general cost of the pavement and charged to the railroad company alone.
Judgment affirmed.