No. 6818.

# BARBER ASPHALT PAVING CO. v. MRS. PETER BOUNY.

## Syllabus.

1. It is not necessary for plaintiff to plead specially an estoppel in avoidance of a defense set up in an answer.

2. An estoppel is not always a mere matter of procedure or evidence, but is sometimes a matter of substantive law under which rights have been acquired; and rights so vested cannot be impaired by legislative prohibition to set up such estoppel.

3. Act 219 of 1914 is not retrospective; to give it such effect would be to impair its constitutionality.

Appeal from the Civil District Court, Parish of Orleans, No. 110,381, Division "D"; Honorable Porter Parker, Judge. Affirmed.

E. J. Thilborger, for plaintiff and appellee.

W. H. Byrnes, Jr., and Pierre D. Olivier, for defendant and appellant.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

This is a suit upon a paving claim and in its main features presents exactly the same issues as presented in *Whitney Bank v. Byrnes Realty Co., No.* 6023 of our docket, decided April 6th, 1914, *XI Ct. of App.*, 164, adversely to the contentions made by defendant therein and renewed by defendant here.

We see no reason to change our conclusions then reached, which were that a defendant who allowed a street to be paved without protest or attempt to stop the paving, was estopped to contest the paving bill for irregularities in awarding the contract.

104

Defendant here contends, however, that no estoppel was specially pleaded herein by plaintiff, and that under the ruling in *Heirs of Wood v. Nicholls*, 33 *An.*, 745 (748) no such plea can be considered.

It will be observed that this latter case goes no further than to hold that an estoppel is a special **defense** and must be specially pleaded. It dealt entirely with the necessity for estoppel being specially pleaded by a defendant (p. 748).

But the rule has no application where a plaintiff urges an estoppel against a defense set up by the adverse party in its answer.

As early as the 52 An., 1517 (1522), the Court had held that a plaintiff was not obliged to anticipate a defense and plead specially an estoppel against the same (1522).

Again, in *Keystone Life Ins. Co. v. Von Schlemmer*, 122 *La.*, 280, the Court held that a plaintiff need not set up specially a plea of estoppel against a defense set up in the answer.

And still later, in *Shreveport v. Chatwin*, 139 *La.*, 531, the Court held, "It is not necessary to plead specially an estoppel in avoidance of a defense alleged in an answer."

There is, therefore, no merit in this contention.

Defendant urges, however, that under the provisions of Act 219 of 1914, the plea of estoppel must no longer be entertained in matters of local assessment where there are radical defects in the proceedings leading thereto; that although the paving bill herein sued upon was incurred before the passage of said act, yet this suit was brought only after the passage of the act; and that the act provides no more than a rule of procedure, which the Legislature was competent to provide at any time.

. We are of opinion that the act does not provide a mere rule of procedure, and that, if given a retrospective effect, it affects substantial rights already acquired under existing laws; hence to conserve its constitutionality it should not be given such retroactive effect.

For an estoppel is not a mere matter of form or of evidence; at least not an estoppel *in pais*, resulting from an act or omission of one party on the faith of which another has acted.

In such case it is clear that there is an element of contract or *quasi contract* which enters into the matter. For there is an apparent **consent** between all parties; as where one by his conduct or silence evidences another to act in a given manner, and that other does so. Indeed it is a trite maxim that "Silence means consent."

Thus, in the case at bar, plaintiff had a right under the law, as it then was, to consider that defendant's failure to protest against the paving was evidence of her acquiescence therein; and acting on that consent it did the work.

. In our opinion plaintiff then acquired a vested right, a right which existed perfect and indefeasible from the time the work was completed and certainly until the Act of 1914 was passed.

We think that right could not be divested by the passage of that act.

We are not dealing here with a case where a party having no real right, legal or equitable, is yet by reason of some defect in the law of evidence or of procedure, able to defeat some legal or equitable right in another. Such a one manifestly cannot complain of a change in those rules which enable the party having such right, to assert and prove and enforce the same.

But we are dealing with a case where one having a right, vested and perfect, is suddenly shorn of that right (so it is claimed) by an act passed after the right has been acquired.

Thus it has always been held, in civil cases, that laws **enlarging** the competency of witnesses, by which a claim may be proved, are valid even though retrospective, as well as laws **enlarging** the remedies by which debts may be collected.

But on the other hand it has quite as universally been held that in criminal cases, the rule of evidence cannot be changed retrospectively to the prejudice of an accused (8. Cyc., 1031), and likewise laws which **restrict** in some substantial way the remedies upon civil claims, are objectionable as being mere pretenses which, under the form of regulating a remedy, actually impair or destroy a real right.

We are, therefore, of opinon that Act 219 of 1914 cannot be given a retrospective effect without suffering in its constitutionality.

It is therefore ordered that the judgment appealed from be affirmed.

Opinion and decree, March 19th, 1917.

Rehearing refused, April 16th, 1917.