PER CURIAM. It was our intention, in annulling the verdict and sentence appealed from, to remand the case to the criminal district court for a new trial. That is so manifest that we shall correct the error or omission without having a rehearing.

The decree annulling the verdict and sentence appealed from is amended, by ordering the case remanded to the criminal district court for a new trial.

Rehearing refused.

---

(98 South. 431)

No. 25689.

### CITY OF SHREVEPORT v. LEVY.

(Nov. 12, 1923. Rehearing Denied by Division B, Dec. 10, 1923.)

*(Syllabus by Editorial Staff.)*

1. **Municipal corporations ☞306—Street improvement ordinance held to comply with statute requiring provision for payment.**

Under Rev. St. § 2448, depriving police juries and authorities of incorporated towns and cities of power to contract debts without fully providing in the ordinance creating the debts the means of paying them, an ordinance for a street improvement, providing that the cost of the work, when completed, was to be assessed and paid for by the property owners according to Act No. 187 of 1920, and amendments thereto, was a substantial compliance with such statute, if applicable.

2. **Municipal corporations ☞340—Interested parties held not entitled to object to plans, after having accepted them.**

Where the city, the property holders, and the contractor accepted plans and specifications for the construction of a street improvement, neither could be heard to complain, after the work was completed, that the plans and specifications were not prepared by the city council, and not in harmony with the petition for the improvement.

3. **Municipal corporations ☞328—City held not to have delegated power to accept paving bids to others.**

That a city council referred a bid for street improvements to the commissioner of streets and parks and the city engineer for examination and report thereon, without power to accept or reject, alter, or amend the bid, *held* not a delegation of power to accept bids for paving to others.

4. **Municipal corporations ☞331—Substantial compliance with statute as to street improvements sufficient.**

Where a statute requires an ordinance and advertisement for street improvements merely to state in general terms the work to be done, a substantial compliance therewith is all that is required.

5. **Municipal corporations ☞340—Recital of statute under which improvement to be done held immaterial.**

Where a petition for street improvements and an ordinance based thereon required the work to be done under Act No. 187 of 1920, and the work in fact was performed under such statute, that the specifications recited that the work was to be done under Act No. 27 of 1915 was immaterial, where the omission to erase such clause when the bid was accepted was a mere oversight.

Appeal from First Judicial District Court, Parish of Caddo; E. P. Mills, Judge.

Action by the City of Shreveport against Joseph H. Levy. Judgment for plaintiff, and defendant appeals. Affirmed.

Wise, Randolph, Rendall & Freyer and Joseph H. Levy, all of Shreveport, for appellant.

Lewell C. Butler and B. F. Roberts, both of Shreveport, for appellee.

By Division A, composed of O'NIELL, C. J., and ROGERS and BRUNOT, JJ.

BRUNOT, J. This suit is against an abutting property owner to recover his proportionate share of the cost of paving certain streets in the city of Shreveport. From

an adverse judgment in the court below the defendant has appealed.

The answer does not allege fraud or unfairness. It charges that the contract for the paving was let in violation of section 2448, R. S.; that there were no plans and specifications, or the city council did not prepare plans and specifications, as is required to be done by section 3 of Act 187 of 1920; that the power of the city council to consider and accept the bid for the paving was delegated to other persons; that the advertisement and ordinance do not detail the work to be done; and that the specifications are not in harmony with the petition of the property holders and the ordinance authorizing the contract for the paving.

The contract under which the work was done involved the paving of three streets; the facts are the same as to each street, and it is not necessary to consider them separately.

The paving was done by the city in compliance with petitions of the owners of the properties abutting on the streets to be paved. One of the petitions is as follows:

"To the Honorable City Council, City of Shreveport, Louisiana:

"We, the undersigned property owners facing Caddo street, between Douglas street and Common street, representing the number required, do hereby petition your honorable body to pave said street with asphaltic concrete paving, and to construct the necessary curbing; traffic width to be determined by commissioner of streets and parks and city engineer.

"We agree to pay all costs of said paving of said street, including recordation of liens against said property, the cost of storm sewers and culverts, etc., as provided for by Act No. 187 of 1920; the cost of said paving to be assessed against said property according to the frontage thereof of the abutting real estate owners.

"We further petition that the assessment be levied as provided by Act No. 187 of the General Assembly of the state of Louisiana for the year 1920, and the work to be done under the supervision of the commissioner of streets and parks and the city engineer, and according to plans, profiles, and specifications on file in the office of the city engineer.

"We further petition your honorable body to lay water mains and water connections, one connection for each 40-foot front of property, where same are necessary in the above street, and that assessment be levied and collected as provided for by Act No. 185 of 1918 of the General Assembly of the state of Louisiana for the year 1918, and that the work be done under the supervision of the superintendent of the water and sewer department of the city of Shreveport, La."

The petition was signed by the abutting property owners, including the defendant. After the receipt of this petition the city council formally and with due regard to its rules of procedure adopted Ordinance No. 194 of 1920. Following the adoption of the ordinance the city council caused an advertisement to be inserted in the official journal of the city of Shreveport calling for bids for the paving requested by the petitioners, and at the time fixed in the advertisement for the opening of the bids the bid of E. J. Deas & Co. was the only bid submitted. The bid was opened by the council, and was referred to the commissioner of streets and parks and the city engineer, with instructions to report thereon at a subsequent meeting of the council to be held on a fixed date. On that date the report of the commissioner of streets and parks and the city engineer was received, and on the motion of one of the council, duly seconded and adopted, the bid was accepted, and the contract was awarded to E. J. Deas & Co., and the mayor was authorized to sign it.

The work was performed under the contract and according to the plans, profiles, and specifications annexed to and made a part of the contract. After the completion and formal acceptance of the work, the cost thereof was properly apportioned according to property frontage, and the proportionate share thereof was assessed against the properties abutting on the streets.

It appears that the cost of the paving assessed against defendant's property exceeded the sum he had expected to pay, and payment was resisted.

Defendant contends that the city council awarded the contract for the paving without first making provision for the payment of the debt. He relies upon section 2448, R. S. The section is as follows:

"The police juries of the several parishes, and the constituted authorities of incorporated towns and cities in this state, shall not hereafter have power to contract any debt or pecuniary liability, without fully providing in the ordinance creating the debt, the means of paying the principal and interest of the debt so contracted."

[1] The answer is that section 2448, R. S., has been substantially complied with by the following provision in the ordinance awarding the contract, viz.:

"But in either case the cost of the work, when completed, to be assessed and paid for by the property owners according to Act 187 of the General Assembly of the state of Louisiana for the year 1920, and the amendments thereto."

This provision in the ordinance for the payment of the debt is in exact compliance with the following request of the petitioning property holders, viz.:

"We agree to pay all costs of said paving of said streets, including recordation of liens against said property, the cost of storm sewers and culverts, etc., as provided for by Act 187 of 1920; the cost of said paving to be assessed against said property according to the frontage thereof of the abutting real estate owners."

Section 2448, R. S., is a general statute, and of doubtful application to the facts of this case. Act No. 187 of 1920 is a special law, in the sense that it applies only to street improvements. The paving here considered was done under the provisions of that act and in compliance therewith.

Defendant's second contention is twofold: That there were no plans and specifications for the work, or the city council did not prepare the plans and specifications.

The documents marked "Plaintiff M. N. O.," in the record, contain 23 pages each of apparently carefully prepared plans and minute specifications. With reference to these documents we quote the following from plaintiff's brief:

"We will not attempt to put into this brief all that appears in these plans and specifications, but we wish to call the court's attention to a few things found therein. The kind of material—asphaltic concrete paving, 2 inches; concrete base, 5 inches, including two catch-basins; standard curbing excavation, except subgrade. On page 12 of the document marked 'M' there is almost an entire page devoted to concrete base. On this page will also be found specifications for the cement. On page 16 will be found specifications for laying the asphalt. On page 18 will be found specifications for laying the work. On pages 2 and 3 will be found the instructions to bidders, and on page 3 will be found this notice: 'N. B.—Bidders are cautioned not to submit their bids until said plans, specifications and profiles have been carefully examined by them.' "

The bidders were furnished with an approximate estimate of the cubic yards of excavation, the square yards of asphaltic concrete, and the lineal feet of standard curbing.

In our opinion, the plans, profiles, and specifications found in this record cover every detail of the work.

There is no pretense that the city council prepared the plans and specifications, or that those officers possessed the requisite technical knowledge and skill to do so. It is shown that the plans, specifications, and profiles were on file in the office of the city engineer. The original ordinance of the city council provides that the work be done according to the plans and specifications on file in the city engineer's office, and the petitioning property owners, including the defendant, made the following request:

"The work to be done under the supervision of the commissioner of streets and parks and city engineer, and according to plans, profiles, and specifications on file in the office of the city engineer."

[2] These plans and specifications were identified with and became a part of the bid which the city council accepted, and in a like manner a part of the contract which the mayor signed. All of the interested parties, the city, the property holders, and the contractor, accepted the plans and specifications, and neither can now be heard to complain.

[3] Defendant's third contention is that the power of the city council to accept the bid for the paving was delegated to others. The council referred the bid to the commissioner of streets and parks and to the city engineer for examination and report thereon. No power to accept or reject the bid, or to alter or amend it in any respect, was delegated to these officers.

[4] The next contention is that the advertisement and ordinance did not detail the work to be done. A clipping from the official journal of the city council of Shreveport containing the advertisement is in the record, attached to and offered in connection with document marked "Pltff. M." The ordinance is on page 28 of the transcript. The statute merely requires that the ordinance state in general terms the work to be done. Both the advertisement and the ordinance amply comply with the terms of the statute. A substantial compliance therewith is all that is required. City of La Fayette v. Doucet, 148 La. 166, 86 South. 724.

[5] Defendant's last contention is that the specifications order the work to be done under Act No. 27 of 1915, while the petition of property owners and the ordinance require it to be done under Act 187 of 1920.

In the preparation of the specifications printed forms were used, the blanks therein being filled in with the names of streets, the details of the particular work to be done, and other necessary data. These forms were printed several years ago, and, for the purposes of street paving, have been used, to the exclusion of all others, by the city council and city engineer since that time. On page 1 of the specifications there is printed instruction to bidders that the work would be done under the provisions of Act No. 27 of 1915. The omission to erase this clause, when the bid in this case was accepted and the contract was signed, was evidently a mere oversight. The ordinance and contract required that the work be done under the provisions of Act No. 187 of 1920, the property holders petitioned that it be done under that act, and the work was done in compliance with the ordinance, the contract, and the petition of the property holders. If there was an irregularity in the specifications, in the respect mentioned, no injury has resulted therefrom, no fraud or unfairness is suggested, the petitioning property holders have received the full benefit of the work, no timely complaint was made of the irregularity now urged, and the work was performed in exact compliance with defendant's request, as it appears in the property holders' petition to the city council.

Under these circumstances, we are of the opinion that in both reason and conscience, and we think in law, defendant cannot be now heard to complain. Musey v. Prater, 147 La. 75, 84 South. 498; City of Shreveport v. Chatwin, 139 La. 531, 71 South. 791; Moody v. Spotorno, 112 La. 1008; 36 South. 836; Barber Asphalt Co. v. King, 130 La. 788, 58 South. 572.

For these reasons, the judgment of the lower court is affirmed, at appellant's cost.