ROGERS, J.
 

 Plaintiff sued Mrs. A. P. Rabito, individually and as receiver of the Motor Car Inn Garage, Inc., Albert J. Derbes, and Byron C. Pickens, in solido, for $4,262.93, with interest, costs, and attorney’s fees, the aggregate principal of three notes executed by the Motor Car Inn Garage, Inc., to the order of plaintiff. Two of the notes, one for $500 and the other for $1,250, were payable-on demand, and the third note for $2,512.93 was payable 90 days after date. Derbes, Pickens, and Mrs. Rabito, individually, were impleaded as the signers of a guarantee in -favor of plaintiff to protect him for advances made or to be made to the corporation, up to the sum of $10,000.
 

 The defendants answered, admitting the execution of the notes and the guaranty, but averred want of consideration for the signing of the guaranty. They also filed pleas in compensation and reconvention, alleging, substantially, that plaintiff, without authority, had sold certain automobiles 'belonging to the corporation and had failed and refused to account for the profits derived from the sales and for certain sums covering freight on the machines, amounting, in the aggregate, to $5,520.34.
 

 B. C. Pickens, one of the defendants, died before the case was heard, and his succession was not made a party to the proceedings.
 

 When the ease was called for trial, plaintiff objected to the introduction of any evidence in support of defendants’ pleas in compensation and reeonvention, on the ground that the allegations thereof were too vague and indefinite to admit of proof; that the plea in compensation admitted the debt; and, further, that the alleged claims set up in the said pleas were not liquidated and did not grow out of and were not connected with or incidental to the main demand; that, since all the parties, resided in the same parish, defendants should be remitted to an independent action, if any they had, against
 
 *615
 
 plaintiff. The objection was sustained. The judgment was in favor of plaintiff for the full amount of his claim, $4,262.93, interest, attorney’s fees, and costs, against the defendant corporation, and against Mrs. Rabito and'Derbes for the full amount of the note for $2,512.93, interest, attorney’s fees, and costs, and against ■ plaintiff, rejecting his demand based on the notes for $1,250 and $500 as against the signers of the guaranty. It also'dismissed the pleas in compensation and reconvention as in case of nonsuit, reserving to the parties in interest the right to institute an independent action against plaintiff to recover any amount that might be due by him. Derbes alone appealed. Plaintiff has answered the appeal, asking that the amount of the judgment in his favor be increased to the full amount originally prayed for.
 

 All the parties to this suit were stockholders of the Motor Car Inn Garage, Inc. The corporation was borrowing money from the bank, and plaintiff and other officers of the company had executed a continuing guaranty to secure the loans with the bank. Plaintiff being possessed of some means, had also been lending money to the corporation to maintain it as a going concern. He expressed a willingness to refrain from demanding the immediate repayment of his loans, which would have resulted in the dissolution of the company, and to continue to make advances, provided his associates would execute a guaranty to secure him for the advances made and to be made. His proposition was accepted and the guaranty herein sued on was signed and delivered to him. In these circumstances, the defense of want of consideration for the execution of the guaranty is untenable.
 

 Appellant vigorously controverts the ruling of the judge a quo in refusing to admit any evidence on the plea in compensation and the demand in reconvention. We do not find any error in the ruling. It was clearly incompetent for the defendants to set up in compensation against the notes and written guaranty declared on the unliquidated claim growing out of the alleged tortious conversion of certain automobiles, Oiv. Code, art, 2209; Burbridge v. Anderson, 32 La. Ann. 877; Pike v. Wells, 24 La. Ann. 208.
 

 But appellant also argues that, if the alleged tort is not such .a debt as'permits him to plead it in compensation, he is, in equity, entitled to sue thereon by way of reconvention. In support of the argument, he cites Agaisse et al. v. Guedron et al., 2 Mart. (N. S.) 73, which, in turn, cites with approval Evans v. Gray, 12 Mart. (O. S.) 475. Those cases were decided, respectively, in December, 1822, and January, 1824. At that time, the practice and pleading in civil causes in this state were regulated by the simple, rudimentary forms embodied in the Act of April 10, 1805, pp. 210-260. And the doctrine enunciated in the cases Cited is based upon the civil law 'as expressed in the authorities therein referred to. Nevertheless, the court, at page 82 of the opinion in Agaisse v. Guedron, while citing Toullier in support of the doctrine, calls especial attention to the able contention of that eminent legalist against carrying the doctrine so far as to permit the. reconvention of a demand that has no connection (non connexe) with that sued on.
 

 Our Code of Practice was adopted by the Legislature in 1824, and its publication and promulgation were authorized by an- act approved April 9 of that year. Page 146. It was actually promulgated in the year 1825, but, owing to the omission of the enacting clause in the original act approving and adopting it, an act (No. 83, § 26) approved March” 25, 1828, was passed to make it effective.
 

 The. redactors of the Code of Practice, evidently having in mind the observations of Toullier and other French commentators, for
 
 *617
 
 mulated the following rule which they incorporated into the Code as article 375, viz.:
 

 “In order to entitle the defendant to'institute a demand in reconvention, it is requisite that such demand, though different from the main action, be, nevertheless, necessarily connected with and incidental to the same; as, for instance, the demand instituted by the possessor in good faith against him who sues in order to evict him or for the purpose of obtaining the payment of the improvements made on the premises.”
 

 When the Code of Practice was revised in 1870, this article was retained, with a proviso, added by Act 53 of 1839 (section 7, p. 164), authorizing the filing of a reconventional demand for any cause when the plaintiff resides out of the state or in a different parish from the defendant. And by Act 50 of 1886, a defendant in any of the conservatory writs is given the right to demand and recover by way of reconvention the damages he may have sustained by the illegal resort to the writ.
 

 From all of which it follows that the right of reconvention is an incidental remedy now granted and governed by our statutory law, and the doctrine of the eases cited by appellant, which were decided prior to the enactment of the statute, are inapplicable to the present issue.
 

 It is not disputed, and it is indisputable, that the note for $2,512.93 is covered by the guaranty. There is, however, a serious controversy between the parties concerning the notes for $500 and $1,250. Appellee earnestly contends that the court below erred in refusing to hold that these notes were also protected by the guaranty, and he has asked this court to amend the judgment accordingly.
 

 Our conclusion is that the ruling of the court concerning these notes was correct. Both notes grew out of transactions outside and apart from the line of credit extended by plaintiff to the corporation and which was secured by the guaranty. The note for $1,250 was given to represent an advance by plaintiff of that amount in pursuance of an agreement entered
 
 into at a
 
 certain
 
 meeting
 
 of the board of directors to the effect that four of them, namely, plaintiff, Mrs. Rabito, Mr. Derbes, and Mr. Pickens, would each advance the company $1,250, taking its note therefor, in order to reorganize and revivify it, under the management of a Mr. Harries, who required that $5,000 in cash be put into the corporation before he would take charge of its business and affairs. The understanding among the contributors to*the fund being that, if under the reorganization and new management the business of the corporation would improve to such an extent as to give value to its stock, they would take stock for the amount thus advanced. Plaintiff was interested as much as, if not more than, the other contributors in raising the fund. He owned approximately one-third of the capital stock of the corporation, and was also heavily involved under the continuing guaranty he had signed for the bank. The arrangement was one among the parties to come to the assistance of the institution in which they were mutually interested, and it was never contemplated by any of them that plaintiff’s contribution to the common cause was to be secured by the guaranty previously executed. Eater, it became necessary to raise the sum of $1,-200 or $1,500 in order to secure new agencies in the hope of saving the business from impending failure. Of this amount, by mutual agreement, plaintiff contributed $500, for which he received the note of the corporation. This contribution, plainly, is not covered by the guaranty.
 

 Appellant contests plaintiff's right to recover attorney’s fees, on the ground that they were not claimed in the original petition, but by a supplemental and amended petition. The notes themseives provide for attorney’s fees, and they were annexed to and made part of plaintiff’s petition, but, in his
 
 *619
 
 prayer, he inadvertently omitted to claim them. He corrected this omission by his supplemental and amended petition. We think he was not- only entitled to do this, hut it was necessary for him to do so, because, if he had permitted the cause to go to judgment without having included the attorney’s fees in his demand, he would have been considered as having remitted them. Code Prac. arts. 156, 157.
 

 For the reasons assigned, the judgment appealed from is affirmed, at appellant’s cost.