## BENNETT v. BORDELON. *

### No. 14358.

Court of Appeal of Louisiana. Orleans.

Feb. 27, 1933.

Samuel J. Tennant, Jr., of New Orleans, for appellant.

John Singreen, of New Orleans, for appellee.

JANVIER, Judge.

This is a suit for the return of $250, with interest and attorney's fees, which said sum plaintiff alleges he loaned to defendant. The record amply sustains the charge that loans totaling the amount sued for were made and have not been repaid, but defendant pleads compensation, alleging, in a very vague and indefinite manner, that at various times in the past he, as an attorney at law, rendered legal services to plaintiff, and that he has not been paid therefor.

Defendant does not allege the details of the services rendered, nor that there has been any agreement that the charges which he now sets up are reasonable and proper.

Plaintiff contends that no evidence should have been admitted in support of the alleged claim set up in compensation, for two reasons:

First, because the said claims are unliquidated, and therefore cannot be pleaded in compensation of the liquidated claim of plaintiff, which claim is represented in part by a promissory note and in part by a check issued by defendant, on which he afterwards stopped payment; and, second, for the reason that defendant has given practically no details to show what the legal services said to have been rendered consisted of.

In the court below there was judgment for plaintiff, as prayed for, and defendant's claim in compensation or set-off was rejected.

There is no doubt whatever that the allegations with reference to the legal services are so vague that practically no information concerning the said services is given, but, more serious than that, is the very plain fact that the claim for legal services not based on an agreement to pay any specified sum is wholly unliquidated and cannot be permitted to compensate a liquidated claim such as that presented by plaintiff.

Civil Code, art. 2209, provides that: "Compensation takes place only between two debts * * * which are equally liquidated and demandable."

In Berens v. Ker, 28 La. Ann. 96, is found a case which we deem absolutely indistinguishable from the one at bar. We quote therefrom:

"This suit is brought via ordinaria on a promissory note. * * *

"The defendant sets up against this claim the plea of compensation, averring that plaintiff owes him for professional services as an attorney and counselor-at-law rendered in various cases during the years 1870, 1871, 1872, and 1873, the sum of $5085, and he reconvenes for the sum of $1585 as the balance due him for professional services. * * *

"It was clearly incompetent for the defendant to set up in compensation against the

---

note sued on the unliquidated claims alleged to be for services rendered as an attorney."

To the same effect see Owen, Administrator, v. Vanderslice, 9 La. Ann. 189, in which the court refused to consider a plea in compensation. The court said: "The claim sued on was an unconditional promise to pay a sum of money, certain. That set up in defence had neither been the subject of an agreement to pay a fixed price for the work, nor been liquidated by an acknowledgment of the correctness of the account after the completion of the work."

In Peterson v. Rabito et al., 164 La. 612, 114 So. 354, 355, appears the following: "It was clearly incompetent for the defendants to set up in compensation against the notes and written guaranty declared on the unliquidated claim growing out of the alleged tortious conversion of certain automobiles. * * *"

In Goldman v. Goldman & Masur, 47 La. Ann. 1463, 17 So. 881, 882, we find that: "The demand in compensation must be fixed,— 'equally liquidated and demandable,' as the Code puts it. We think it clear that the demand on a penal clause, unliquidated and undisputed, cannot be pleaded in compensation against a promissory note."

In Burbridge & Co. v. Anderson et al., 32 La. Ann. 877, the court said: "* * * The alleged indebtedness of plaintiffs to Anderson, if it does exist, is an unliquidated account, which could not be set up in compensation against a promissory note. * * *"

To the same effect see Franz v. Schiro, 136 La. 841, 67 So. 925, from which we quote as follows: "Plaintiff being a holder of the note sued on in due course, his claim thereunder could not be compensated, or set off, by an unliquidated claim which defendant might have against him."

Defendant cites certain cases which we believe can be easily distinguished.

In the Succession of Durnford, 8 Rob. 488, is found a case in which compensation was pleaded, the claim in compensation being plainly unliquidated, but the court permitted it to be pleaded, for the reason that the original claim was also unliquidated, and therefore that pleaded in compensation was at least equal in that regard to the main demand. The court said (page 498 of 8 Rob.): "The demands which the opponents have on McDonogh, are as unliquidated and vague as those he presents, and they may all be examined and settled in this case."

In Ferriber v. Latting, 9 La. Ann. 169, unliquidated claims for board and lodging, etc., were pleaded in compensation, but we find, from a careful reading of that decision, that no objection was made thereto.

Defendant relies largely on the decision of the Supreme Court in Oilbelt Motor Co. v. George T. Bishop, Inc., 167 La. 183, 118 So. 881, in which the court held that a claim pleaded in compensation had not prescribed because prior to termination of the prescriptive period it had been extinguished by compensation, and it is argued that the claim pleaded in compensation was an unliquidated one. The fact is that that claim was germane to and grew out of the same transaction which gave rise to the main demand in the suit. The two claims, therefore, were in identically the same category, and one was as completely liquidated and demandable as was the other. In discussing this case we, in Foster Manufacturing Co. v. Gerth (La. App.) 144 So. 142, said: "The holding in the Oilbelt Case to the effect that a prescribed claim might be the subject of a plea in compensation was a recognition of the doctrine, 'Quae temporalia sunt ad agendum perpetua sunt ad excipiendum.' But the application of this doctrine is limited to cognate claims inseparable from the original demand."

The claim pleaded here in compensation not only was extremely vague, but could not be pleaded as an offset to the fully liquidated claim for money loaned.

The judgment appealed from is affirmed.

Affirmed.

