**BEYER TRANSP. CO., Inc., v. WHITE-MAN CONTRACTING CO., Inc.**

**No. 17120.**

Court of Appeal of Louisiana. Orleans.

March 13, 1939.

Harry F. Stiles, Jr., of New Orleans,. for appellant.

Sidney W. Provensal, of Slidell, and Ernest V. Provensal, of New Orleans, for appellee.

JANVIER, Judge.

Beyer Transportation Company, Inc., seeks judgment against Whiteman Contracting Company, Inc., for $300, alleging that it performed certain towing services for defendant for which it made a charge of $702.50; that the charge was reasonable and that the said defendant has paid on account $390, leaving a balance of $312.50; that plaintiff has remitted the sum of $12.50 in order that the suit might be filed in the First City Court of New Orleans.

Defendant filed an answer in which it made certain contradictory averments concerning its indebtedness to plaintiff, but, considered as a whole, the said answer is plainly an admission that the said services were rendered, that the amount charged was correct, and that the balance claimed has not been paid. But in the answer there is presented a reconventional demand for $4,300 based on the alleged tortious conversion by plaintiff of a certain dredge of defendant and on the damage alleged to have been sustained by the said dredge while it was wrongfully in the possession of plaintiff. In this answer and reconventional demand—filed on July 26, 1938—it is alleged that the said tortious acts were committed and that the damage was sustained between April 18, 1937 and May 3, 1937. When the said answer and reconventional demand were filed, plaintiff filed a plea of prescription of one year, sought the dismissal of the said reconventional demand on this ground, and, since there was no denial of the original indebtedness sued on, moved the court to render judgment as prayed for. The plea of prescription was sustained, the reconventional demand was dismissed, and judgment was rendered for plaintiff. Defendant has appealed.

No fault is found with the judgment insofar as it recognizes the claim of plain-

tiff for $300. But it is argued that the plea of prescription was erroneously sustained and we are urged to reverse this action and to remand the matter in order that the trial of the reconventional demand may be proceeded with.

This demand presents a claim arising ex delicto and, therefore, in the absence of any reason preventing the application of the provisions of Arts. 3536, 3537 of the Civil Code, it is prescribed because more than one year has elapsed between the day on which the damage was sustained and the filing of the reconventional demand.

But appellant maintains that these articles are not applicable "because the matter involved is essentially maritime in character", the argument being that, usually, claims such as that involved in the reconventional demand are presented on the admiralty side of the docket of the United States District Court and that there is no fixed period of prescription, the court investigating the facts to determine whether the claim is so stale as to require its dismissal. No authority is cited to show that such is the rule in the federal courts, but, assuming that it is, we find no reason to apply that rule here.

■ Though, by Section 9 of the Judiciary Act of 1789, 1 Stat. 76, commonly called the "Judicial Code of the United States", now Jud.Code § 24(3), 28 U.S. C.A. § 41(3), the District Courts of the United States are given "exclusive original cognizance of all civil causes of admiralty and maritime jurisdiction", there is saved to suitors "in all cases the right of a common-law remedy where the common law is competent to give it", and, by this saving clause, the suitor in this case— defendant and plaintiff in reconvention— was given the right to present his claim in the state court since the remedy which is sought is a remedy which would have been available had the suit been brought in admiralty. In other words, the reconvener was given the option of presenting the reconventional demand in an independent suit in the federal court, or of presenting it by reconvention in the state court. When it was presented in the state court it became subjected to the state statutes governing prescription since prescription is a matter controlled by the law of the forum. Code of Practice, Art. 13; see, also, White v. Davis, 174 La. 390, 141 So. 6.

We, therefore, are unable to agree that, for this reason, we should substitute for the state statute—fixing the prescription at one year—the rule of the federal court, if any, concerning staleness and laches.

■ Defendant next contends that the reconventional demand, at least insofar as it offsets plaintiff's claim, is not precribed for the reason that, as soon as the said claim became due by the commission of the tort, there was automatically effected compensation pro tanto, and, by this compensation, the claim of plaintiff was at that time automatically extinguished. Our attention is directed to Arts. 2207, 2208 of the Civil Code, which, it is true, provide for this compensation and provide further that it takes place automatically; and it is settled that, where this compensation does take place, it does so by operation of law, and that a claim which might otherwise be prescribed can, nevertheless, be availed of as an offset if, at the time the two debts became due, both were liquidated and demandable and neither had prescribed. See Oilbelt Motor Company v. Geo. T. Bishop, Inc., 167 La. 183, 118 So. 881; Millauden v. Lesseps, 17 La.Ann. 246; Lewy v. Wilkinson, 135 La. 105, 107, 64 So. 1003.

■ But, because of the provisions of Art. 2209, this compensation takes place only where the debts are equally liquidated and demandable, and here they were not, for one was based on a charge for services rendered which were admittedly due and for a fixed amount, whereas the other was for damages caused by tort. It is well settled that there can be no automatic compensation in such situation. Goldman v. Goldman & Masur, 47 La.Ann. 1463, 17 So. 881; Peterson v. Rabito, 164 La. 612, 114 So. 354; Sullivan v. St. Anna's Chapel, 168 La. 383, 122 So. 118; City of Shreveport v. Curcio, La.App., 157 So. 317.

It therefore appears that the plea of prescription was well founded and properly sustained.

The judgment appealed from is affirmed at the cost of appellant.

Affirmed.