MADISON LUMBER CO. v. ALSON

---

(May 5, 1930. Opinion and Decree.)
(May 19, 1930. Rehearing Refused.)
(July 2, 1930. Writ of Certiorari and Review Refused by Supreme Court.)

---

Deutsch & Kerrigan, of New Orleans, attorneys for plaintiff, appellee.

Milner & Porteous, of New Orleans, attorneys for defendant, appellant.

WESTERFIELD, J.    Plaintiff entered into a contract with defendant for the installation of a new roof on a house owned by defendant and for the repair of the supporting rafters and timbers.  Defendant reconvened, claiming the sum of $250 as damages to his house, alleged to have been sustained by reason of plaintiff's failure to properly protect the interior of the house from the weather after the old roof had been removed and before the new one had been installed.

The trial court awarded judgment in plaintiff's favor as prayed for, and dismissed defendant's reconventional demand, reserving, however, defendant's right to sue for the damages claimed under a separate action.  Defendant has appealed.

In so far as the judgment on the main demand is concerned, we are convinced that the plaintiff properly repaired the supports for the roof and properly installed a roof of the kind and character which its contract called for; consequently the judgment in its favor in the sum of $120.76, the balance admittedly due, is correct.

Objection is made to the consideration of the reconventional demand upon the ground that, under the provisions of article 2209, C. C., a debt which is not equally liquidated and demandable, such as a claim for damages, is not compensable in an action for the recovery of a balance due under a contract.  On this point article 375 of the Code of Practice is controlling.  That article reads:

"In order to entitle the defendant to institute a demand in reconvention, it is requisite that such demand, though different

from the main action, be, nevertheless, necessarily connected with and incidental to the same; as, for instance, the demand instituted by the possessor in good faith against him who sues in order to evict him or for the purpose of obtaining the payment of the improvements made on the premises."

In a very able and interesting opinion rendered by Judge Rogers in the case of Peterson vs. Rabito, 164 La. 612, 114 So. 354, this article of the Code of Practice was discussed very thoroughly. In that case, though the reconventional demand was held not properly before the court, the reasons given when applied to the case before us cogently support its consideration here.

On the merits, the first question for our determination is whose duty it was to protect the interior of defendant's home during the execution of the contract for the installation of the new roof, and on this point we find the evidence to be conflicting. However, we are of opinion that the plaintiff, which had removed the roof, is responsible for the resulting damage. There is, however, no satisfactory evidence in the record upon which a judgment might be based covering the amount of damage caused by plaintiff's failure to protect the premises, and we have concluded to remand the cause to the lower court for further proof on this point.

For the reasons assigned it is ordered, adjudged, and decreed that the judgment appealed from, in so far as it recognized plaintiff's claim on the main demand, be affirmed, and, in so far as it rejects defendant's demand in reconvention, it is reversed, and it is now ordered that this case be remanded to the First City Court for the parish of Orleans for further proceedings according to law and consistent with the views herein expressed.