MADISON LBR. CO. v. ALSON

(December 14, 1931.   Opinion and Decree.)
(January 11, 1932.   Rehearing Refused.)

Deutsch & Kerrigan and Bert Flanders, Jr., of New Orleans, attorneys for plaintiff, appellant.

Milner & Porteous and Wm. A. Porteous, of New Orleans, attorneys for defendant, appellee.

JANVIER, J.   The Madison Lumber Company claimed from defendant $120.76, the balance due for the installation of a roof on certain premises belonging to defendant. Defendant contended that the roof was improperly applied, and, in a reconventional demand, asserted that he had been damaged by the failure of plaintiff's employees to use a tarpaulin to prevent rain entering the premises during the performance of the contract.   When the matter was first before us, we affirmed the judgment in plaintiff's favor for the amount claimed by it, but we found that there was not in the record evidence sufficient to enable us to pass upon the reconventional demand for damages, and we therefore remanded the matter for administering of proof on that issue.   13 La. App. 603, 128 So. 46.

The trial court, after the new evidence was offered, rendered judgment for defendant, plaintiff in reconvention, for $215, and plaintiff, defendant in reconvention, has appealed.

The reconventional demand, as it now appears, is made up of two items, one for $50, being the amount paid by defendant to one of his tenants in settlement of a claim made by that tenant resulting from damage to the tenant's furniture, and one for $200 for damage to the premises of plaintiff in reconvention.

We find that in attempting to prove the item of $50, Alson, plaintiff in reconvention, did no more than offer in evidence the receipt he had obtained from his tenant, when he made settlement for the damage which the tenant claimed he had sustained.   There is no proof of any damage sustained by the tenant, and we have only the presumption which results from the fact that Alson paid this sum to the tenant. Of course, he would not have done so had he not been satisfied that the tenant had sustained damage at least to that extent, but such a presumption is not sufficient to

justify the rendering of a judgment against defendant in reconvention.

On the other item, the proof consists of the estimates of two contractors as to the respective prices they would charge to repair the premises.

Defendant in reconvention objects to such evidence, contending that it is not proper to prove damage by testimony of a contractor as to the price for which he would be satisfied to do the work and to make the repairs; and, in support of this argument, our attention is called to the following from Sedgwick on Damages (9th Ed.) secs. 1302, 1303:

"The value of services may be proved by the opinion of one, familiar with such value. * * * But the value of skilled services is to be estimated not by inquiring what A or B would charge for such services, but what the services are fairly worth by the common usage of custom of compensation; and it is error to receive the testimony of witnesses as to what they would charge."

We find in the record evidence not only that the particular contractor who offered to do the work for $200 stated that he would charge that sum, but also his testimony that, as an expert, he estimated the damage at that amount. In the absence of countervailing proof, we will accept this testimony as sufficient; but it is also in evidence that another contractor offered to make the repairs for $165; and, since this other evidence was also offered by the party who sustained the damage and who makes the claim, we feel that the trial court properly allowed only the amount represented by the smaller estimate.

The judgment appealed from is amended, and the amount thereof is reduced to $165, with legal interest from judicial demand; costs of this appeal to be paid by appellee.