## GAMBINO v. HOGH et al.

### No. 14445.

Court of Appeal of Louisiana. Orleans.

Jan. 30, 1933.

Bert Flanders, Jr., of New Orleans, for appellants.

Louis E. Jund, of New Orleans, for appellee.

JANVIER, J.

The three defendants are the heirs of Henry George Hogh, Sr., and, by judgment of court, each has been sent into possession of one-third of his estate.

Until his death Hogh operated a news stand in New Orleans, and plaintiff alleges that, when he realized that there was grave danger of his death, he called plaintiff to him, and, as testified to by plaintiff, asked, "If anything happened to him, would I take care of his bills for him?"

It is further alleged that shortly after Hogh's death plaintiff, in compliance with that request, and in an effort to keep the news stand in operation, paid three bills alleged to have been due to furnishers of magazines, supplies, and other periodicals.

Judgment for the amount alleged to have been paid to the three creditors is asked against the three heirs who have accepted the succession. One of the heirs is Hogh's widow, plaintiff's mother-in-law; another is Henry George Hogh, Jr., a son of the deceased; and the third is Albert John Hogh, an emancipated minor, grandson of the deceased.

The widow has taken over the operation of the news stand, but the other heirs have no connection therewith nor interest therein, and, though the said widow has not resisted plaintiff's demand, the other heirs contend that there has not been produced sufficient proof of the correctness of the three claims which plaintiff alleges that he has paid. These two defendants assert that, in order for Gambino, plaintiff, to obtain a judgment against them for claims paid by him for account of the deceased, he must prove the details of the said claims with the same certainty and accuracy as could have been required of the original claimants if they had been in court as plaintiffs.

It appears from the receipts produced by plaintiff that certain of the charges made by

each of the three original creditors were for merchandise delivered after the death of Hogh, and Gambino explains that he paid these items as well as the others because he realized that it is essential to the success of such a business as a news stand that it be kept in continuous operation and that it constantly have on hand all current newspapers, magazines, and periodicals.

Judgment was rendered in the district court in favor of plaintiff and against all three defendants in solido, but only for the amounts alleged to have been paid for merchandise said to have been delivered prior to Hogh's death.

A mere glance at the various receipts which plaintiff produced shows that there are no details given as to the nature of the merchandise which had been furnished. With reference to the receipts it appears, for instance, that on all of them there is nothing given except the date of each sale and the amount thereof, and nowhere do we find anything descriptive of the articles actually furnished. It is certain that, if these bills had not been paid and the original claimants had presented them to the succession, they could have been required to prove accurately and in detail the various sales made. Gambino, in effect, has merely purchased their claims, and is in no better position than they would have been. It is true that he testified that the deceased asked him to pay his bills, but the record shows that this request, if made, did not refer to any particular bill by name of claimant or by the amount of the bill, and therefore cannot be construed as an approval by deceased prior to his death of any of the bills.

In Madison Lumber Company v. Alson, 18 La. App. 638, 138 So. 469, a claim was made against a contractor who had erected a roof on a building, the claim being based on the allegation that the claimant, owner of the building, had been required to pay to his tenant the amount of certain damages sustained by the property of the tenant as the result of defects in the roof. In proving the claim, all that was offered in evidence was the receipt for the amount which had been paid to the tenant. We said: "There is no proof of any damage sustained by the tenant, and we have only the presumption which results from the fact that Alson [the owner of the premises] paid this sum to the tenant."

Counsel for plaintiff contends that this case has no application to the present situation because there the claim was one for damages, whereas here the claim is based on merchandise sold and delivered, but in either event a claimant must prove his case and must set forth the details thereof, and we find here that there is no proof of any merchandise sold by the original claimants except the presumption which results from the fact that Gambino has paid certain sums to those claimants.

In Carr et al. v. Crow, 10 La. App. 237, 120 So. 783, 785, in which a suit was dismissed on exception of no cause of action, the court said: "The allegation in the case at bar that defendant owes plaintiffs the amount claimed, by reason of having in his hands a certain sum which belongs to plaintiffs, is but a conclusion of law which the pleader has drawn, based upon the facts alleged. It is for the court to determine whether, as a matter of law, the facts alleged show that defendant owes that amount, and we hold that they do not."

Here the proof before us is limited to the fact that Gambino has paid certain amounts, but we have nothing before us to show what merchandise was delivered, and evidence to this effect is absolutely necessary to sustain a judgment.

The judgment in so far as it is against Henry George Hogh, Jr., and Albert John Hogh, is annulled, avoided, and reversed, and as to them plaintiff's suit is dismissed as in case of nonsuit.

Judgment reversed.