### PIERCE et al. v. ROBERTSON.
### No. 2196.

Court of Appeal of Louisiana. First Circuit.
March 4, 1941.

C. A. Blanchard, of Donaldsonville, for appellants.

Sidney A. Marchand, of Donaldsonville, for appellee.

OTT, Judge.

The seven plaintiffs are the owners of an undivided seven-eighths interest in a small house and the furnishings therein located at a place called A-Bend in Ascension Parish. These plaintiffs with their sister, Evelyn Pierce, acquired the property by inheritance from their deceased father and mother.

They allege in their petition that during the latter part of 1936, the defendant without their permission and authority undertook to make certain repairs on the said house, and that the defendant did this repair work in a very improper and unskillful manner; that he removed the roof and permitted the interior to be exposed to the weather for several days, resulting in damage to the floors, wall paper, piano and other furnishings from rains pouring into the building. They further allege that the defendant caused the said building to be seized and advertised for sale under a judgment which he obtained against Evelyn Pierce in the justice court, thereby requiring them to employ an attorney to get their property released from the said illegal seizure and which illegal seizure was a trespass and slander against their property.

They claim damages in the sum of $1,-005 made up of the following items: necessary expense to put the house in shape, or the condition it was in before defendant undertook the repairs, $50; damage to wall paper, $60; damage to piano and other furniture, $70; cost of repairing water damage to floor, $50; damage from illegal seizure, $250; attorney's fees, $25; and an additional sum of $500 for humiliation and annoyance by reason of having this house and its contents exposed to public view.

■ Numerous exceptions were filed, including one of nonjoinder of parties plaintiff and parties defendant. All of these exceptions were overruled except the one of nonjoinder which was sustained to the extent of requiring the plaintiffs to make Evelyn Pierce, the other co-owner of the property, a plaintiff in the suit. The ruling on this exception was taken to the Supreme Court on a writ, and the ruling was modified so as to require plaintiffs to make Evelyn Pierce a party defendant in order that she might have an opportunity to assert any claim that she has to share in the alleged damages. See Pierce et al v. Robertson, 190 La. 377, 182 So. 544. This co-owner was made a party defendant in compliance with the decree of the Supreme Court. No mention is made of any of the other exceptions in this court and we assume that they have been abandoned.

The defendant answered denying that he was due plaintiffs any damages whatever. He alleged that in the latter part of 1936 he entered into a contract with Evelyn Pierce and Hugh Pierce who were acting for themselves and who stated that they had authority to act for all the other co-owners, to make certain repairs on the said house whereby defendant was to do the work for $80.70; that he was to be paid weekly and the balance was to be paid when the job was completed; that he performed the work which he agreed to do in a good and workmanlike manner, and denied that he had caused any damage to the property by the manner in which he performed the work. He alleged that he had been paid only $30; that he did extra work worth the sum of $24.50 which he is entitled to recover. He then prays that Evelyn and Hugh Pierce be called in warranty; that plaintiffs' suit be dismissed, and that he have judgment in reconvention against plaintiffs in solido for the sum of $105.20 (the alleged contract price for the repairs, plus the extras); and further, in case he is condemned in the action, that he have judgment against Evelyn and Hugh Pierce on his call in warranty for whatever amount he may be condemned to pay the plaintiffs.

There was judgment below in favor of the plaintiffs and against the defendant for $25, the amount of attorney's fees paid to secure a release of the property from seizure under the judgment in favor of defendant against Evelyn Pierce; a judgment in favor of the defendant and against the seven plaintiffs on the reconventional demand for $50 (the balance which defendant claimed to have been due on the contract, less his claim for extras), and a judgment in favor of defendant and against Evelyn and Hugh Pierce as warrantors in the sum of $25, the amount which defendant was condemned to pay the plaintiffs for attorney's fees.

■ The plaintiffs took an appeal, and the defendant answered the appeal and asks that the judgment be amended by rejecting the claim of plaintiffs for attorney's fees. Evelyn Pierce did not appeal nor answer the appeal, and, of course, the judgment as to her cannot be affected by the decision of this case on appeal.

■ We might say in the outset that, in our opinion, the evidence shows that the contract for making the repairs on this house was made between Evelyn Pierce and the defendant contractor. At the time the contract was made, Evelyn was living in the house with her mother who was then living, and Evelyn was teaching school and making her own money. While Hugh Pierce was living in the same vicinity and knew the work was going on and made no objection to the repairs being made, he did not make the contract with the defendant and apparently did not know a great deal about the details of it. In fact, the defendant himself considered that he made the contract with Evelyn as he looked to her for the purchase of the necessary material for the work and made all of his demands for payment on her, and when he could not collect all of the contract price, he filed a suit in the justice court against her alone and secured a judgment for the amount of the balance he claimed to be due under the contract. All of the other co-owners of the property, except Evelyn and Hugh Pierce, did not live near the prop-

erty, some of them even living out of the state.

It is therefore obvious that there was no contractual relation between these seven plaintiffs and the defendant with reference to the repair of the house in which they owned an undivided seven-eighths interest. As they contend that none of the work done by defendant on this house inured to their benefit, but on the contrary caused them damage, there is no question of implied ratification of the contract on their part. Their suit must therefore be looked upon as one sounding in tort for damage to their property by reason of the alleged illegal and negligent acts of the defendant in the various respects set out in their petition.

According to the defendant, he agreed to jack up the low parts of the house, put a new sill in front, ceil one room, put three posts on the front and change the two roofs on the house and make it into one roof. He was to do the work and Evelyn Pierce was to furnish the material. From pictures of this house in the record and from the evidence relative to its condition and the kind of material used in the building, we judge it to be a small and rather cheaply constructed residence which had been occupied by the family of these colored people for some time.

Defendant's version as to what he actually did to this house is about as follows: jacked up the house, put in two sills, changed the two roofs into one, ceiled the back room, put in weather boards where they were needed, cut two new doors and made one new back door and put in the three posts on the front. It seems that a dispute arose about putting in another post— Evelyn wanting it put in and the defendant contending that it was not in the contract.

Hugh Pierce was the only one of the plaintiffs who testified in the case. He lives a short distance from the house and saw defendant almost daily as he was making the repairs. The only objection that he made was after the roof had been off for several days letting the rain in the house, he says that he asked defendant why he did not cover the house, to which the latter replied that he had to make some money with which to buy some tires for his automobile. From the testimony of Hugh Pierce, we gather that his principal cause of complaint is the fact that defendant left the roof off for several days and permitted the rain to pour in three rooms of the building.

While he claims that defendant did not complete his job, he does not point out in what respect the house is in a worse condition now than it was before the repairs were begun, other than the damage done to the wall paper and floors by the rain.

■ We have examined all of the evidence carefully, including that of three carpenters who inspected the house after the repairs were made, and, while the work that defendant did on the house was not of a first-class nature, yet we cannot say that it was defective or improperly done, taking into consideration the cheap price and the kind of material used in the repair of this type of house. It is not the work that was done that gives rise to the most serious complaint but the negligent manner in which it was done, particularly in leaving the interior unnecessarily exposed to the rain.

■ The only damage to the house that is fixed with any degree of certainty is that caused to the wall paper in three rooms on account of the rain. Two or three witnesses testified that the wall paper in these three rooms was practically ruined by the rain. Mr. Kocke who furnished the material for the repairs on this building and who seems to have some experience in figuring the cost of papering a house, testified that it would cost at least $10 per room to paper a room ten by twelve, ten feet high, with cheap paper. These three rooms were somewhat larger than this, but if we take his figures, the cost of repapering these three rooms would be $30. However, these plaintiffs have only a seven-eighths interest in the property, and in order to be within a minimum cost, we will fix this item of damage at $25.

■ The defendant himself admits that he left off the roof for several days without using any temporary protection whatever against rain. It was the duty of the defendant to protect the interior of the house from rain after he took off the roof and his failure to do so rendered him liable for damage. Madison Lumber Co. v. Alson, 13 La.App. 603, 128 So. 46. The evidence is not sufficiently certain as to any damage to the floors or any other part of the house to justify an award therefor. And the same thing can be said with reference to the piano and other furniture. While it does appear that rain fell on this furniture while the roof was off, yet we have no way of ascertaining from the evi-

dence what the amount of damage was if there was any. There is nothing to show the value of the piano and the other furniture nor for that matter who is the owner of it. Moreover, there seems to have been little if any effort on the part of the occupants of the house in protecting the furniture from the rain, notwithstanding that at least one room was not exposed to the rain.

With reference to the seizure of the house by the defendant under a judgment against Evelyn Pierce, it is obvious that he had no right to seize and advertise for sale the interest of these plaintiffs in the house to satisfy a judgment against another. The attorney's fees of $25 which plaintiffs were required to pay to secure a release of their property from that illegal seizure are clearly recoverable as an item of damage and was properly allowed. No other damage was proven on account of that seizure, nor do we see where plaintiffs suffered any humiliation or annoyance on account of having the contents of the house exposed to public view. Evelyn Pierce lived in the house during all the time this alleged damage was incurred, and not one of the plaintiffs was living in the house and none of them were even living in the neighborhood, except Hugh Pierce, and we do not see how they could have been humiliated or annoyed by what the defendant did or had done.

In his answer, after setting out what he claims to have been the contract between him and the co-owners of this property, represented by Hugh and Evelyn Pierce, and the amount due him by the co-owners, but without formally assuming the position of plaintiff in reconvention, he prays that he have judgment in reconvention against the plaintiffs for the price of the work. It is urged by plaintiffs' counsel that this is not sufficient on which to base such a demand. However, under Article 377 of the Code of Practice, defendant had a right to present his claim against the plaintiffs as an exception in his answer to the principal demand, or institute a separate suit against them. If, as he alleged in his answer, the plaintiffs are due him the amount of the contract price for the work, or the balance thereof, he would have a right to ask for this amount in his answer by way of reconvention. However, as we have already stated, his contract was with Evelyn Pierce, and these plaintiffs have never ratified it nor become bound in any way for the payment of the balance due thereon. In fact, the defendant has precluded himself from claiming this balance against these plaintiffs by suing Evelyn Pierce and securing a judgment against her for this balance. In so far as the judgment condemned plaintiffs for the balance of $50 due by Evelyn Pierce, it is erroneous and will have to be reversed.

Objection is also made to the call in warranty of Hugh and Evelyn Pierce. As the latter is not a party to the appeal, we can consider this call in warranty only in so far as it affects Hugh Pierce. Just how Hugh Pierce could be a warrantor for the defendant for the attorney's fees which Hugh Pierce and his coplaintiffs were required to pay to keep the defendant from selling their property, we are at a loss to understand. If Hugh Pierce is required under this call in warranty to pay the defendant this $25 which the defendant is ordered to pay these plaintiffs, we would have the anomalous situation of this one plaintiff being given the right to require defendant to pay him and his coplaintiffs this $25 and at the same time give the defendant the right to require this plaintiff to pay him back this same amount. Defendant is not entitled to recover the amount of damage which he caused these plaintiffs by seizing their property.

For the reasons assigned, it is ordered that the judgment appealed from be amended by increasing the award of damages in favor of plaintiffs and against the defendant from $25 to $50; by rejecting and dismissing the reconventional demand of defendant against the plaintiffs in its entirety; and by dismissing and disallowing the call in warranty made by the defendant against Hugh Pierce, and as thus amended, the judgment is affirmed at the cost of defendant in both courts.