PRICE, Judge.
This action was brought by two related corporations, Gibson’s of Vicksburg, Inc., and Gibson’s Pharmacy of Vicksburg, Inc., and their insurer, Underwriters at Lloyds, London, England, to recover damages to insured merchandise occasioned by the alleged negligent performance of a roofing contract. James Pickens, a resident of Monroe, Louisiana, who operates a firm known as Pickens Steel Building, was made sole defendant in this action.
During the months of November and December, 1965, Gibson’s was in the process of constructing an addition to their building in Vicksburg, Mississippi. The Gibson corporations are a national merchandising concern that undertake their own construction through the services of a construction superintendent. Certain of the work is subcontracted to specialists. In the prosecution of the work for the addition to the Vicksburg store, the defendant, James E. Pickens, contracted to furnish the labor and material to erect the steel framing for the roof of the new addition. He was also to furnish and install the sub-roofing, using a product called dextrum. The remainder of the work on the roof was to be performed by another sub-contractor, Newcomer Roofing Company of Delhi, Louisiana.
During the last week of December, 1965, Pickens arrived on the job to commence work and found that the material delivered by the supplier was cut in improper lengths to fit the steel frame on which it was to be fastened. The supplier delivered the proper lengths on the following day and work was commenced by Pickens. In processing the work it was necessary that the concrete block wall of the existing building be penetrated at several points to allow the steel I-beams of the new addition to be tied into the beams of the parent structure. In addition, it was necessary to tear back a portion of the older roof to join the sub-roof of the new addition with that of the older structure. This work was prosecuted by employees of Pickens during the course of one day. Near the end of the day it was discovered that the supplier had not delivered quite enough dextrum to entirely complete the job. A part of the unfinished portion of the roof was adjacent to the point where the new roof was to be joined onto the existing structure. Pickens found it impossible to procure the additional material needed on that date and work could not be resumed until after the New Year’s holiday, some two days later. To protect the contents of the existing structure from any possibility of rain damage, a quantity of plywood was furnished by Gibson’s superintendent, Middleton, and this plywood was used as a temporary decking and covered with a roll of roofing felt by employees of Pickens. During the week-end *22 an unusually heavy rain occurred and water entered the occupied main structure, damaging a quantity of merchandise stored therein.
There is no dispute as to the amount of damage done, and the only issue is whether or not the defendant, Pickens, is responsible for the damage. The trial court, for oral reasons assigned, gave judgment to plaintiffs as prayed for. From this judgment defendant has perfected this suspen-sive appeal.
Although there were no written reasons given by the trial court for its judgment, appellant submits that to hold him liable for the damage the court must have found him guilty of a breach of some duty owed under his contractual undertaking with Gibson’s.
As a general rule, a roofing contractor who undertakes repairs to the roof of an occupied structure, is responsible to protect the interior and contents of the building from rain damage during the progress of the work. Madison Lumber Co. v. Alson, 13 La.App. 603, 128 So. 46 (Ct.App. 4th Cir., 1930). This rule is based on the assumption that he is a specialist and is in exclusive control of the work he undertakes. This rule, however, is modified where the contractor is only performing a portion of specialized work under the general supervision of the owner. A. H. White Co., Ltd. v. Burglass, 184 So. 225 (Ct.App. 4th Cir., 1938).
In the instant case the written memorandum relied on by plaintiffs as a contract does not describe in any detail the method of performance of the work to be done by Pickens, nor does it contain any reference to an obligation to protect the occupied building from damage by rain during the course of the work.
Therefore, to find liability on the part of Pickens it would be necessary to find from the facts that he had breached some general duty imposed on him by law as a contractor in the performance of his work.
The coordination of the work of the two contractors involved in constructing the roof was assumed by the Gibson superintendent, Middleton. He was present at all times during the day Pickens began his work. Certain changes or additions to the work of Pickens were directed by him on this date. The method of “joining in” the new roof with the roof of the existing building was done under the plans and instructions of Gibson’s. On discovery of the fact that an insufficient amount of material was delivered to complete the job on the same day, Middleton. participated in and approved the method of temporary protection utilized. He testified that it was his opinion that the method of protection was sufficient to protect against normal rainfall. The roofing contractor, Newcomer, also testified that the method used by Pickens would have been that followed by him had he been faced with the same situation.
We find no breach by Pickens of any duty owed the owner by the failure of the supplier to deliver a sufficient amount of material to complete the job. This material was ordered by him from a recognized supplier and the estimate of quantity needed was established in the usual manner. Pickens submitted a scale drawing of the roof to be covered to the manufacturer in advance of doing the work. From this drawing the manufacturer determined the necessary lengths the material must be cut into and the quantity required to cover the area involved. It would be impractical to require that Pickens or his employees should have counted all pieces before beginning their work. We do not find that the shortage of material should be attributed to Pickens.
Plaintiffs have not proven that Pickens breached any contractual duty owed the owner of the building in this case.
For the foregoing reasons, we believe the trial court has committed error in holding appellant liable for the damages which occurred. Therefore, the judgment appealed from is hereby reversed, and it is here *23 by ordered that the judgment be rendered in favor of defendant, James D. Pickens, and against plaintiffs, rejecting their demands. All costs are to be paid by plaintiffs, including costs of this appeal.